# Epperson & Co., v. Bluthenthal, *et al.*

*Bill to Restrain Unlawful Use of Trade Mark or Device and for Damages and an Accounting.*

[Decided Dec. 20th, 1906.　42 So. Rep. 863.]

1. *Trade Marks; Right to Protection.*—When one has adopted a trade mark to identify his product, and has, by his skill and labor, created a valuable market therefor and induced public confidence in the superior quality of his goods, he is entitled to protection, so long as he deals honestly with the public, against those who attempt to appropriate his trade mark, and use it on other goods of the same class, without right.

2. *Same; Suit to Restrain Infringement; Jurisdiction.*—The jurisdiction of equity to restrain infringement of a trade mark is based on the right of property in the complainant, and its fraudulent invasion by another. Its use is the prevention of fraud on him and the public, so the person invoking equity's aid must himself be free from fraud. A material misrepresentation as to the person manufacturing the article, or as to the material composing it, deprives such one of right of relief.

3. *Same.*—Where the evidence showed that the contents of the bottles, on which was used the trade mark adopted to identify the whiskey manufactured, bottled and sold by complainant, was greatly inferior to what was indicated by the labels and lettering, and that such labels and lettering was to induce the public to believe that the quality of the whiskey was greatly superior to what it really was, equity will leave the parties where it finds them.

[Epperson & Co. v. Bluthenthal, et al.]

APPEAL from Montgomery City Court.
Heard before Hon. A. D. SAYRE.

Suit by Aaron Bluthenthal and another against J. W. Epperson & Co. From a decree for complainants, defendant appeals. Reversed, and bill dismissed.

The case made by the bill is: That orators are large manufacturers and jobbers of whiskies, brandies, etc., and sell their goods to the retail trade in Montgomery. That they manufacture, bottle, and sell, and have for four years past manufactured, bottled, and sold, a certain kind, grade, or quality of whiskey put up in a certain kind or style of bottles. The said bottles containing said whiskey have attached to the sides thereof a label or trade-mark with the following words thereon: "Old Joe, V. O. S. Rye Whiskey, Bluthenthal & Bickart, Sole B. & B. Proprietors, Atlanta and Cincinnati"—and a likeness of a human head and bust on said label. Said bottles also had and have a small corkscrew attached to the neck of said bottle, and over the cork therein a label, which label contains the words: "Not genuine, unless this seal is unbroken. Bluthenthal & Bickart, B. & B. Proprietors." A sample of the device, and a picture of the device and bottle, are made exhibits to the bill. That the said label is, and for four years last past has been, a trade-mark of orators, their own property, and used by them in their said business to designate the said whiskey manufactured, put up in packages of said bottles, and sold by them exclusively. That orators have been engaged exclusively and extensively in the sale of said whiskey under said trade-mark for a long period of time, to wit, four years last past, and that by their diligent efforts and advertising said brand of whiskey so sold under said trade-mark has acquired extensive demand and wide reputation for its excellence and good qualities, and is a favorite brand in the trade in the Southern states generally, and in said Montgomery. The orators have used the said label and other constituent features of their trade-mark or device without change for four years last past, and that they are now using them, and they aver that they have the exclusive right to the use of the label and other parts of said device or trade-mark,

and that the same is their property for the uses and pur-
poses aforesaid, to which they are entitled to the exclu-
sion of all others. That defendants, well knowing the
right of orators in and to said trade-mark or device as
above described, and since orators' rights were acquired
and since orators became exclusively entitled in the pre-
mises, and wholly without orators' consent, and in viola-
tion of their rights, have fraudulently and unlawfully
offered for sale and sold their so-called whiskey, of a
very inferior quality, not manufactured or put up by
orators, which has been put up and contained in bottles
resembling those used by your orators in size, shape,
color, and appearance. And the defendants have attach-
ed to the bottles containing their whiskey, which bottles
are similar in size, shape, and appearance to those used
by orators, a label or labels containing thereon the
words: "Old Jack, J. W. E. Rye Whiskey. J. W. Ep-
person & Co., Sole J. W. E. Proprietors, Montgomery,
Ala."—and also an illustration of a man's head and bust.
The said labels so used by the defendants are of substan-
tially the same size and shape, and gotten up in
the same style, and with the use largely of the same type
as the label used by orators. And the defendants have
also, for the purpose of more closely copying orators'
package, fraudulently and unlawfully attached to their
said bottles a corkscrew similar in size and appearance
to those attached to bottles put up by orators, and sold
by them, and the said defendants have also pasted along
the neck of the said bottles and over the corks therein a
label similar in size and shape and appearance to that
used in a like manner by your orators as above set out,
containing the words: "Not genuine unless this seal
is unbroken." That defendants have actually sold and
continue to sell whiskey put up in said packages and as
the product of the manufacture of orators, represent-
ing it to be such when asked for that brand of whisky,
under the labels and devices used by defendant as above
set out. And orators further show that the defendants,
by the use, fraudulently and falsely, of the words, pic-
tures, label, corkscrew, and bottles as shown above, are
guilty of unfair and fraudulent competition in business,
and that it is inequitable and unlawful, and have en-

abled, and necessarily have the effect of causing, the sale and substitution of the whisky bearing the label of the defendants for the whisky of orators, to their great injury and damage. The complainants asked for an accounting and a restraining order preventing defendants forever from the use of the label and other devices. Demurrers were interposed to the bill, but it is not necessary to set them out.

The defendants filed a sworn answer, denying the material allegations of the bill, and in addition thereto filed four pleas, the first three of which were held sufficient, and which are as follows: "(1) That there appears on complainants' label, sought to be protected by the bill, as will be observed from the illustration thereof in the exhibit to the bill, the letters 'V. O. S.' That the common meaning of said letters, and the acceptation thereof by all persons engaged in the liquor business, when said letters appear on packages containing whiskey is 'Very Old Stock.' That said letters are usually placed on packages containing whisky for the purpose of indicating to the public that the whiskey contained therein is of a very old stock. The respondents aver that the complainants, well knowing the meaning of said letters, placed the same on their labels, as appears in said exhibit to the said bill, for the purpose of representing and indicating that the whiskey contained in the bottles offered for sale by complainants was very old stock; but, on the contrary, respondents aver that the whisky contained in the bottles of complainants and offered for sale by complainants is not very old stock, but is a blend whisky of very ordinary character, with no age and a cheap and inferior grade. And respondents aver, further, that complainants, well knowing that said whisky was not very old stock, placed said labels on said bottles in order to deceive the public, and in order to falsely represent to the public the character of whisky contained in said bottles. Wherefore respondents say that the complainants are not entitled in this honorable court to the relief and protection prayed for. (2) That there appears on the bottles sought to be protected by this bill of complaint, and blown in said bottles on the back thereof, the words: 'Bluthenthal & Bickart. B. & B.

Fine Old Whiskey.' And respondent aver that the complainants placed the said words on said bottles for the purpose of indicating and representing that the whiskey contained therein was fine old whiskey; but on the contrary, said whiskey contained therein is a blend whiskey of a very inferior grade, and is nothing more than common, ordinary whiskey. Respondents further aver that the complainants, well knowing that the whiskey so offered for sale by them and contained in said bottle was not a fine old whiskey, placed said words on the back of said bottle for the purpose of deceiving the public, and thereby falsely representing the character of the whisky contained in said bottle. Wherefore they are not entitled in this honorable court to the relief and protection prayed for. (3) And for further answer to said bill of complaint as a whole, and separately and severally to each paragraph thereof, by way of answer as well as plea, these respondents say that there appears on the complainants' label sought to be protected by their bill, as will be observed from the illustration thereof, in exhibit to said bill, the words 'Rye Whiskey,' and which said words, appearing in large letters, occupy a prominent and conspicuous place on said label; and these respondents aver that the whiskey placed in said bottles alleged to be put up and sold by the complainants, and upon which said labels are pasted by complainants, is not rye whiskey; and respondents further aver that complainants placed the words 'Rye Whiskey' on their said labels for the purpose of indicating and representing that the whiskey contained therein was rye whiskey, well knowing at the time that the whiskey so offered for sale, and represented on said labels as being rye whiskey, was not rye whiskey; all of which was done, as respondents aver, by the complainants, for the purpose of deceiving the public and thereby falsely representing the character of whiskey contained in said bottles and offered for sale by them." The fourth plea was held insufficient, and, as no point was made on it, it is not here set out.

There was evidence tending to support the allegations of the bill, and the denials of the answer; but most of the facts were addressed to the pleas, the great weight

[Epperson & Co. v. Bluthenthal, et al.]

of the testimony going to support the allegations of the pleas. Upon a submission of the cause on the pleadings and proof, the chancellor decreed the relief prayed, and perpetually enjoined respondents from the use of the labels and devices set out in the bill.

STEINER, CRUM & WEIL, for appellants.—The motion to dismiss the bill for want of equity and the demurrers thereto should have been sustained.—*Kyle v. Perfection Mattress Co.,* 127 Ala. 39; *Lawrence Mfg. Co. v. Tenn. Mfg. Co.,* 138 U. S. 537; *Hoyte v. Hoyte,* 143 Penn. St. 623, 24 Am. St. Rep. 575; *Fleischmann v. Starkey,* 25 Fed. 127; *Cady v. Schultz,* 19 R. I. 193; 61 Am. St. Rpts. 763; *Amoskeag M. Co. v. Trainer,* 101 U. S. 51; 25 L. Ed. 993; *Ball v. Seigel,* 116 Ill. 37; 56 Am. St. Rpts. 766; *Continental Tobacco Co. v. Lazarus,* 133 Fed. 727; *Enoch Morgan's Sons Co. v. Troxell,* 89 N. Y. 292.

The bill does not make out a case of unfair competition.—28 Am. & Eng. Ency. of Law (2nd Ed.) 345; *Postum Cereal Co. v. American Health Food Co.,* 119 Fed. Rep. 848. The shape and size of the bottle, the color, shape and size together with the lettering on the label are common property.—*Brown v. Brocher,* 147 N. Y. 647; *Enoch Morgan etc. v. Troxell, supra; Continental Tobacco Co. v. Lazarus, supra: Stevens Linen Works v. Williams,* 121 Fed. 171; *Ib.,* 127 Fed. 950; *Heide v. Wallace,* 129 Fed. 649; *G. W. Cole v. American Cement Oil Co.,* 130 Fed. 703; *Continental Tobacco Co. v. Lazarus, supra; Centauer Co. v. Marshall,* 97 Fed. 785; *Allen B. Wrisley Co. v. Iowa Soap Co.,* 122 Fed. 796; *Hubinger Bros. v. Eddy,* 74 Fed. 551; *Proctor et al. v. Globe Refining Co.,* 92 Fed. 357; *P. Lorillard Co. v. Pepper,* 86 Fed. 956; *Uri v. Hirsch,* 131 Fed. 658; *Amoskeag Mfg. Co. v. Trainer, supra; Faulkenberry v. Lucy,* CE *Cal.* 52; 92 Am. Dec. 76; *Solis Cigar Co. v. Pazo,* 25 American State Reports 279; *Fleischman v. Newman,* 51 Hun. 641; *Bobbitt v. Brown,* 23 New York Sup. 25; *Hoyt v. Hoyt,* 24 Am. St. Reports 575; *Brown v. Dostor,* 147 N. Y. 647; *Gessler v. Gessler,* 27 Am. St. Reports, 20; 80 Wis. 21.

The court erred in holding plea 4 insufficient. The doctrine that he who comes into equity must come with clean hands has been applied frequently and generally in trade mark and unfair trade cases. *Uri v. Hirsch, supra; Manhattan Med. Co. v. Wood,* 108 U. S. 218; 27 L. Ed. 706; *Warden v. Cal. Fig Syrup Co.,* 187 U. S. 516; *Prince Mfg. Co. v. Prince Metallic Paint Co.,* 135 N. Y. 24; *Solis Cigar Co. v. Pozo, supra; Allan B. Wrisley Co. v. Iowa Soap Co., supra.*

HILL, HILL & WHITING, for appellee.—Independently of the existence of any technicaal trade mark no one will be allowed to dress up his goods by the use of names, words, labels or wrappers, or by the adoption of style, form or color of packages, or by the combination of any or all of these indicia, so as to cause purchasers to be deceived into buying these goods as and for the goods of another.—*McLean v. Fleming,* 97 U. S. 245; *Schaur v. Miller,* 20 C. C. A. 168; *Fischer v. Blank,* 148 N. Y. 244. The label of appellant is sufficient to establish unfair competition.—*Consolidated Fruit Co. v. Thomas,* 6 Fed. 331; *Taylor v. Taylor,* 23 Eng. Law & Eq. 282; *Curtis v. Bryan,* 2 Daly 312; *Wertz v. Bottling Works,* 24 Atl. 658; *Simmons Medicine Co. v. Mansfield Drug Co.,* 93 Tenn. 84; *Stewart v. Stewart Co.,* 91 Fed. 243; *Drummond Tobacco Co. v. Addison,* 52 Mo. App. 10; *Cauffman v. Schuler,* 123 Fed. 205; *Pillsbury v. Pillsbury,* 64 Fed. 841; *VonMunn v. Frash,* 56 Fed. 830; *Centaur Co. v. Robertson,* 91 Fed. 889; *Hansell v. Siegal-Cooper & Co.,* 106 Fed. 690; *Cantrell v. Cochran,* 124 Fed. 290; *National Biscuit Co. v. Swick,* 121 Fed. 1007; *Leggett Tobacco Co. v. Hynes,* 20 Fed. 883; *Swift & Co. v. Brenner,* 127 Fed. 826. The similarity of the laebls being established it is not necessary to show actual deception.—Authorities supra; *Ohio Baking Co. v. National Baking Co.,* 127 Fed. 116; *Manitowoc Maulting Co. v. Milwaukee Maulting Co.,* 119 Wis.; *National B. Co. v. Baker,* 95 Fed. 135; *Collinsplatt v. Filayson,* 88 Fed. 692; *Fairbanks Co. v. Bell Mfg. Co.,* 77 Fed. 869; *Annhauscher Busch v. Piza; Scheuer v. Miller,* 74 Fed. 225. The pleas of defendant

were not proven; *Tarrant & Co. v. Johan & Hoff,* 76 Fed. 459; *Hostetter v. Martoni,* 110 Fed. 527; *Samuel Bros. v. Hostetter,* 118 Fed. 257.

ANDERSON, J.—One who has adopted a trade-mark to identify his production, and and by his labor and skill has created a valuable market therefor, and has induced public confidence in the superior quality of his goods, whether based on the skill used in the manufacture, or the material from which they are made, or both combined, is entitled, so long as he deals honestly with te public, to be protected against those who, without right, attempt to appropriate his symbol and apply it to other goods of the same class. The jurisdiction of equity, however, to restrain the infringement of a trademark, is founded upon the right of property in the complainant and its fraudulent invasion by another, and is exerted to prevent fraud upon him and upon the public, and a party invoking its aid must himself be free from fraud. Any material misrepresentation, therefore, in a label or trade, as to the person by whom the article is manufactured, or as to the place where manufactured or as to the materials composing it, or any other material false representation, deprives a party of the right of relief in equity, although the respondets' conduct is without justification.—*Uri v. Hirsch,* (C. C.) 123 Fed. 568; *Manhattan Med. Co. v. Wood,* 108 U. S. 218, 2 Sup. Ct. 436, 27 L. Ed. 706; *Worden v. Cal. Fig Syrup Co.,* 187 U. S. 516, 23 Sup. Ct. 161, 47 L. Ed. 282; *Prince Mfg. Co. v. Prince Paint Co.,* 135 N. Y. 24, 31 N. E. 990, 17 L. R. A. 129; *Solis Cigar Co. Pogo* (Colo.) 26 Pac. 556, 25 Am. St. Rep. 279; *Wrisley Co. v. Iowa Soap Co.* (C. C.) 104 Fed. 548. The evidence in the case at bar leads to the irresistible conclusion that the contents of the bottles of complainants fell far short of what the label and lettering would indicate, and that the bottles were so labeled and lettered to induce the public to believe that they were getting a quality of whiskey far superior to what they actually bought.

[Harris v. Theus, et al.]

The judge of the city court erred in granting the complainants relief. The decree is reversed, and one is here rendered dismissing the bill.

Reversed and rendered.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.

