[Grand Lodge Knights of Pythias of North and South America, etc.
v. Grand Lodge Knights of Pythias.]


# Grand Lodge Knights of Pythias of North and South America, etc. v. Grand Lodge Knights of Pythias.

## *Injunction.*

(Decided June 15, 1911.   Rehearing denied Dec. 21, 1911.
56 South. 903.)

1. *Corporations; Name; Use of Similar Name.*—Independent of the statute, and although subdivision 1, section 3446, Code 1907, recognizes the right of a corporation to the exclusive use of its name, the right of a corporation to use its chosen name is protected by courts of equity in the same manner as trade marks, etc.

2. *Same; Unauthorized Use; Remedy.*—Injunction is the remedy usually available for the unauthorized use by a corporation of the name of another corporation.

3. *Same; Fraud.*—Actual fraud need not be shown to obtain relief by one corporation against the unauthorized use of its name by another corporation; for, if essential, fraud is presumed from the knowingly adopting a name so similar to that of another corporation as to cause probable damage from it.

4. *Same; Relief; Bill; Sufficiency.*—The bill in this case examined and held to sufficiently state a cause of action as against the demurrers interposed.

5. *Same; Benevolent Societies.*—Equity will restrain the assumption by a benevolent corporation of a name so similar to that of another such corporation as to injure the corporation first assuming it.

6. *Equity; Pleading; Demurrers.*—Matters not alleged in the bill cannot be considered on demurrer thereto, but should be raised by answer.

7. *Same; Laches; Pleading; Necessity.*—Where they do not appear on the face of the bill, facts showing laches or barring the suit under limitations should be alleged by plea, and cannot be raised by demurrer.


APPEAL from Montgomery Chancery Court.

Heard before Hon. JOHN M. CHILTON, Special Chancellor.

Bill by the Grand Lodge Knights of Pythias against the Grand Lodge Knights of Pythias of North and

South America, Europe, Asia, etc., to enjoin and restrain the use of the name, and the use of badges, mottoes and insignias, etc. From a judgment overruling demurrer to the bill, respondent appeals. Affirmed.

JOHN R. TYSON, for appellant. Subdivision 1 of section 3446, Code 1907, has no application to a corporation similar to the one here litigating, as it is not a business corporation, and hence, the equity of the bill must be tested by principles independent of the statute referred to. It is the use of the name or the probable use of it that is protected by courts of equity.—*Lee v. Haley*, L. R. 5 Ch. 155; *Croft v. Day*, 7 Beav. 84; *Knott v. Morgan*, 2 Keen 215; *Wyca v. Wyca*, 194 Ill. 194; *Scottish Clans v. Merrill*, 151 Mass. 558. Equity proceeds solely and exclusively in such cases upon the principle of fraud, and such fraud must consist in the latter corporation, using the name as a trade name in such manner as to enable it to obtain the business, which the former would probably have gotten.—*Grand Lodge v. Graham*, 31 L. R. A. 138; *Higgins Co. v. Higgins Soap Co.*, 144 N. Y. 642; Cook on Corporations, s. c. 15. A corporate name is not a franchise, although it is a trade mark.—*Hazelton Co. v. Hazelton Co.*, 137 Ill. 231; s. c. 142 Ill. 494. Two such corporations, would in no sense be competitors.—*Farmers L. & T. Co. v. Farmers L. & T. Co.*, 1 N. Y. Supp. 47; *Investor Co. v. Dobbins*, 87 Ala. 61. The averments of the bill cannot be looked to to show injury or damage as against the demurrer, as they state mere conclusions.—*Bolling v. Crook*, 104 Ala. 130; 1 High on Injunctions, sec. 1; 10 Enc. P. & P. 950; 22 Cyc. 927; 56 N. Y. 390. Fraud alone, does not give a right of action. There must be injury.—3 Mayf. 823. Relief is barred by lapse of time, and by laches.—1 Thomp. sec. 72; *Colonial Dames v. Colonial Dames*, 71

[Grand Lodge Knights of Pythias of North and South America, etc.
v. Grand Lodge Knights of Pythias.]

N. Y. Supp. 1134; *Grand Lodge v. Graham, supra; Society v. Society,* 62 N. Y. Supp. 355.

BALL & SAMFORD, and PERDUE & COX, for appellee. There is nothing in the demurrer going to the laches or limitations.—*Elmore Cigar Co. v. Cato,* 7 South. 23; *Williams v. Adams,* Fed. Cases No. 17,711; *Bank v. Nelson,* 106 Ala. 542; *Scruggs v. Decatur,* 86 Ala. 172; *McLean v. Fleming,* 96 U. S. 245; *Menendez,* 126 U. S. 514; *McIntyre v. Prow,* 173 U. S. 38. On similarity of names, counsel cite.—Nims on Unfair Business, 209; Hopkins on Trade Marks, sec. 108; 4 Fed. 527; 10 Fed. 838; 64 Fed. 841; 95 Fed. 135. Independent of the statute, equity will protect against the assumption of a name as it would a trademark.—Clark on Corporations, 73; 101 N. W. 490; 9 Am. Rep. 324; 43 Am. St. Rep. 769; 43 L. R. A. 95; *State of Ala., ex rel. v. Citizens L. H. & P. Co.,* in MSS. The bill sufficiently alleges an interference with the property rights of the complainant. —*Dartmouth College Case,* 4 Wheat. 657; *Heaton v. Heaton,* 21 N. Y. App. 126; *Grand Lodge v. Graham,* 31 L. R. A. 133; 37 Conn. 293; 130 Fed. 600; 40 L. R. A. 632; 47 Atl. 936, and authorities supra. It is not necessary to allege or prove fraud.—*Singer Mfg. Co. v. Wilson,* L. R. App. cases, 376. Even if it was necessary, the wrongful use of the name is presumptively fraudulent.—Hopkins on Trademarks, 19; 99 Fed. 276; 134 Fed. 366; 179 U. S. 674; 28 A. & E. Enc. of Law, 418; *Kyle v. Perfection Mattress Co.,* 127 Ala. 39. This is a benevolent order, and has a right to the protection of the courts and to the protection of its name, independent of any business or any financial interest.—118 S. W. 389; 62 N. Y. Supp. 355; 56 L. R. A. 108; 13 Wall. 311; 28 A. & E. Enc. of Law, 350.

[Grand Lodge Knights of Pythias of North and South America, etc.
v. Grand Lodge Knights of Pythias.]

MAYFIELD, J.—This bill is filed by the appellee, a benevolent and secret corporation, against another organization of like kind and character. The relief sought by the bill is purely injunctive, to restrain the respondent corporation from using the name assumed by it in either its grand or its subordinate lodges, and to prevent its using certain banners, ensigns, emblems, and mottoes, upon the ground that they are so like and simliar to those adopted and used by the complainant as to lead to confusion and uncertainty.

It is alleged in the bill that the name adopted, assumed, or used by the respondent corporation is the same as that of the complainant, or so nearly so as to interfere with the business of the complainant, and that it tends to confusion and uncertainty. The bill further alleged that both complainant and respondent had various offices scattered throughout Alabama, and that, by reason of the similarity of names of the two corporations or organizations, the mails of the one were liable to be delivered, and were frequently delivered, to the other, which tended to harass and annoy complainant, and interfere with its business, and that for this reason great confusion and uncertainty often arises as to the business transactions of the complainant. The respondent corporation demurred, assigning numerous grounds therefor. The trial court overruled this demurrer, and from that decree this appeal is prosecuted.

The ground insisted upon is that subdivision 1 of section 3446 of the Code of 1907, which is intended to prevent the identity of names of two corporations, has no application to this case; that section being limited in its operation to corporations which have stockholders, and which are organized for individual profit.

Appellant concedes that one business corporation cannot be allowed to assume the name of another, and by that means deceive the public as to the corporation with which it deals, and that if one corporation subsequently incorporates under or takes the name of another, or one so similar thereto as to be calculated to deceive the public, a court of equity will enjoin the use by the latter of such name, because it would be a fraud upon the public as well as upon the stockholders of the other corporation.

It is insisted by appellant that there is no such property right in a name as to entitle either a person or a corporation to its exclusive use; but it concedes that one corporation cannot assume the name of another, with a slight alteration, in such way as to induce persons to deal with it in the belief that they are dealing with another corporation. It is likewise conceded by appellant that an injunction lies to restrain the use by one corporation of the name of a prior corporation, or of a name so similar thereto as to tend to create confusion, and to enable the latter corporation to obtain business of the former, but appellant insists that the relief sought by this bill cannot be granted, because the two contesting corporations are of a fraternal character, each seeking business from one of two separate and distinct races of people who do not intermingle socially or fraternally, and therefore cannot be competitors—that they are not engaged in the same business.

It is also insisted by appellant that it affirmatively appears in the allegations of the bill that the relief sought is barred by lapse of time, and that the complainant has been guilty of such laches in asserting its rights that the court will not now grant the relief prayed.

We are unable to agree with counsel for appellant that any one of these contentions is available on demurrer to the bill. It has been well said that: "The name is an indispensable part of the constitution of every corporation, the knot of its combination, as it has been called, without which it cannot perform its corporate functions." The name is usually selected by the incorporators, and by such name it takes, holds, conveys, and uses its property, and does all corporate acts. Its right to so use its chosen name is even recognized by the statutes of our state above referred to, and it has always been protected by the courts independently of statutes. The matter of so protecting the use of a corporate name is necessarily of equitable cognizance, because the remedy is usually incomplete or inadequate at law.

The relief usually granted is that of injunction against the offending corporation. As was said by the Supreme Court of New York, the courts interfere in such cases, not on the ground that the state may not affix such corporate names as it pleases to its creatures, but to prevent fraud, actual or constructive. But our statutes prevent, or are intended to prevent, the use of the name of one corporation by another, or the use of a name so similar to that of the prior corporation as to tend to confusion. It has been said by the courts of many states that a corporate name legally acquired should be protected upon the same principle and to the same extent that individuals are protected in the use of trade-marks.—*Holmes v. Holmes*, 37 Conn. 278, 9 Am. Rep. 324. The name of a corporation is treated partly as a trade-mark, and for considerations of both private justice and public policy should be protected by a court of equity, for the same reason that a trade-mark is pro-

tected. It was said by the federal court in the case of *Newby v. Oregon Co.,* 18 Fed. Cas. 38, and by the Supreme Court of the United States in the case of *Goodyear's India Co. v. Goodyear's Rubber Co.,* 128 U. S. 598, 9 Sup. Ct. 166, 32 L. Ed. 535, that the case of an encroachment as to the names of corporations is analogous to, if not stronger than, that of piracy upon an established trade-mark. It was ruled by the Supreme Court of New Jersey (*St. Patrick's Alliance of America v. Byrne,* 59 N. J. Eq. 26, 44 Atl. 716) that an injunction would lie at the instance of one corporation against another for using its name, for the reason that that name might be used for and stand as a part of a trade-mark. The Supreme Court of Michigan enjoined a domestic corporation from using the name, "Lamb Glove and Mitten Co.," where it interfered with the business of another corporation having the name, "Lamb Knit-Goods Co."—*Lamb Co. v. Lamb Co.,* 120 Mich. 159, 78 N. W. 1072, 44 L. R .A. 841. It was likewise ruled by the Supreme Court of Illinois that a corporation having the name, "The Young Womens' Christian Association," might enjoin a new corporation from using the name, "International Committee of the Young Womens' Christian Association."—*International Com., etc., v. Y. W. C. A.,* 194 Ill. 194, 62 N. E. 551, 56 L. R. A. 888.

It is not necessary to allege or prove actual fraud on the part of the corporation which assumes the name of another, but, if such actual fraud be necessary to relief, in a case like the one under consideration, it may be presumed from knowingly adopting the name of another corporation, or a name so similar as to cause actual or probable loss or damages to the other; that is to say, if the adoption of such name would have the nat-

ural and necessary tendency to cause such loss or damage to the other party.

The bill in this case alleges that the names, though not the same, are nearly so; that the objects and purposes, as well as the insignia, banners, and other paraphernalia adopted by the latter organization, are so similar to those of the former; and that the use of such paraphernalia by the latter has the natural tendency to create in the public mind the idea that the two organizations are connected. If this were true, it would certainly tend to interfere with the free and uninterrupted use by the former corporation of its insignia, banners, mottoes, etc., to which it is entitled under the law. As was said by this court in the case of *Kyle v. Perfection Mattress Co.,* 127 Ala. 39, 28 South. 545, 50 L. R. A. 628, 85 Am. St. Rep. 78, touching piracy of trade-marks and the use of similar names in connection with goods sold, the use of similar names "is the usual artifice of the unfair trader."

It is argued by appellant that one of these fraternal organizations admits white persons only, while the other admits only negroes. A sufficient answer to this argument is that there is nothing in this bill to show that the appellant corporation admits negroes only. If the matters argued by appellant on this score are true, it would be matter for answer, and not for demurrer, because there are no such allegations in the bill.

Moreover, it was decided by the Supreme Court of Tennessee that a corporation under the name of Benevolent and Protective Order of Elks of the United States, which admits only white persons, was entitled to an injunction restraining a corporation chartered for like purposes under the name of Improved Benevolent & Protective Order of Elks of the World, composed of ne-

groes only, from using the emblems and other para-
phernalia of the former order.—*B. P. O. E. v. I. B. P.
O. E.*, 122 Tenn. 141, 118 S. W. 389.

While there may be some differences and distinctions
in the law in regard to restraining the use of the same
names between business corporations and those which
are merely benevolent or fraternal in character, yet
there is no doubt that courts of chancery will protect
corporations which are purely fraternal or benevolent
in character and purpose, where their names have been
wrongfully assumed by other corporations for similar
purposes, when the objects and results of such wrong-
ful assumption of name lead to confusion and detriment
to the older corporation and to the public.

There is nothing in this bill to show that the com-
plainant's right to protection is barred by the statute of
limitations; nor to show that the complainant has been
guilty of such laches, in instituting this proceeding, as
would deter a court of chancery from awarding the re-
lief prayed.

If there be facts such as would bar relief in this suit
on account of the statute of limitations, or of laches,
they must be shown by an answer or a plea, and not by
demurrer, for the reason that they are not made to ap-
pear by any allegations contained in the bill.

Finding no error, the decree of the chancellor must
be affirmed.

Affirmed.

SIMPSON, ANDERSON, and McCLELLAN, JJ., concur.