[State, ex rel. White v. Citizens Light & Power Co., et al.]

# State, *ex rel.* White *v.* Citizens Light & Power Co. *et al.*

## *Quo Warranto.*

(Decided April 18, 1912.   55 South. 193.)

1. *Corporations; Capital Stock; Increase; New Corporation.*—The acts of persons interested in creating a new corporation for the sole purpose of increasing the stock of the old corporation, the increase being purely fictitious, and the new corporation possessing no asset except the stock of the old corporation, is violative of section 234, Code 1901, and also violative of general law irrespective of the constitutional prohibition.

2. *Same.*—Where the stock of an old corporation has an actual value double its par value, the creation of a new corporation, and the issuance to the stockholders of the old corporation of two shares of the stock of the new corporation for one share in the old corporation is not fraudulent, and is not violative of section 234, Constitution 1901.

3. *Same; Subscriptions to Stock; Fictitious Value.*—The taking of subscriptions for corporate stock at an inflated valuation is a fraud on creditors of the corporation and on innocent stockholders.

4. *Same; Certificate of Subscription.*—A certificate was sufficient under the provisions of section 3, General Acts 1903, p. 312, that showed the stock subscribed was to be paid for by the transfer of stock of an old company and that a contract had been executed therefor, without the recital that the old stock had been previously transferred.

5. *Same; Name; Similarity.*—The provisions of section 2a, General Acts 1903, p. 310, is merely a direction to the probate judge not to record the certificate under section 4 of the act, and after he records the certificate the similarity of names does not of itself authorize a forfeiture of a corporate charter, especially as the act does not declare the result of a non compliance therewith as to name; in any event, under the above provision, the corporation injured could enjoin the use of a similar name by a new corporation.

6. *Quo Warranto; Corporation; Increase of Stock; Interference by State.*—The state may interfere by quo warranto to prevent the consummation of a design whereby a new corporation is to be formed for the sole purpose of accomplishing a fraudulent and fictitious increase of the capital stock of an old corporation.

7. *Same; Exercise of Corporate Power.*—Where a corporation is organized for the exercise of fraudulent or unlawful power, quo warranto is an appropriate remedy for vacating its charter.

8. *Same; Forfeiting Charter; Evidence.*—Where the action was to forfeit a charter of a corporation alleged to have been created for the sole purpose of increasing fictitiously the capital stock of an old

[State, ex rel. White v. Citizens Light & Power Co., et al.]

corporation, and the issue was as to whether one share in the old corporation was worth two in the new corporation, evidence as to the actual or market value of the shares of the old corporation should have been confined to the time of the actual transfer of the stock, and it was not proper to introduce evidence as to the value of such old shares, a year after the transfer; but in such a case, the value of the plant, assets and franchise of the old company is admissible to determine the real or book value of the stock as distinguished from the market value.

9. *Same.*—In a quo warranto to forfeit the charter of the corporation for fictitious increase of stock, a question to a witness "was there any scheme to double the stock of the company?" called for the opinion or conclusion of the witness as to matters which were in the province of the jury to determine.

10. *Same.*—In a quo warranto proceeding to forfeit the charter of the corporation alleged to have been created to fictitiously increase the capital stock of an old corporation, a witness who was familiar with the plans, business and condition of the old company was competent to testify as to the value of the franchise of that company, although he did not qualify as an expert.

11. *Same; Increase of Stock; New Corporation.*—In determining whether a new corporation whose capital stock was double that of an old corporation, was a fraudulent scheme to increase the capital stock of the corporation, in violation of section 234, Constitution 1901, the real value of the stock of the old corporation, regardless of its market value, is to be considered.

12. *Same; Pleadings; Answer.*—Where the complaint in quo warranto to annul the charter of a corporation sets up all the facts showing the incorporation, and the circumstances and facts rendering it illegal, a general denial is proper, notwithstanding the rule that a general denial is generally insufficient.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Quo warranto by the State on the relation of C. E. White, against the Citizens Light & Power Company. Decree for respondents and the relator appeals. Reversed and remanded.

TYSON, WILSON & MARTIN, for appellant. The petition need not aver either that the relator is a resident or a citizen of Alabama, or that he has any interest in the Citizens Light & Power Company, or in the subject matter in the petition, or that he is a stockholder or creditor thereof, or that the matter complained of injuriously affect the relator.—Sec. 451, Code

1907; *State ex rel. v. Webb,* 97 Ala. 110; *State ex rel. v. Endow. E. & P. Co.,* 140 Ala. 610; *Tuscaloosa etc. Assn. v. The State,* 58 Ala. 54; *West End v. State, ex rel.,* 138 Ala. 295. The corporation was properly joined as a party.—Sec. 5456. A due repetition of the substantial interests before the court is sufficient, and it was not necessary to make all the stockholders or associated individuals party to the proceedings.—*State ex rel. v. Webb, supra,* 116 Ill. 493; 24 N. Y. 86; Story's Eq. Pl. secs. 97, 99, and 107. The rule relative to quo warranto to forfeit a charter for non user or misuser is not applicable to an action in the nature of quo warranto brought for the purpose of ousting a pretended corporation, or one never legally formed.—*State ex rel. E. & T. Co., supra; State ex rel. v. S. B. & L. Assn.,* 132 Ala. 50; 114 Tenn (*State v. Cumberland*). The petition clearly fulfills the requirements of pleading in actions in the nature of quo warranto.—Sec. 5461, Code 1907, 17 Enc. P. & P. 457; 8 Hun. 239; *Capital C. W. W. Co. v. State ex rel.,* 105 Ala. 406; 100 Cal. 87; *Jackson v. State, ex rel.,* 143 Ala. 145; *Foster v. State, ex rel.,* 45 South. 203; *Montgomery v. State ex rel.,* 107 Ala. 372. The omission in the formation of the statutory requirement is grounds for ousting the pretended corporation.—Sec. 3447, Code 1907; *Central A. & M. Assn. v. A. G. L. I. Co.,* 70 Ala. 120; 97 Cal. 276; 11 N. E. 170. There was a violation of the statute as to the name, sec. 3446, Code 1907; *State ex rel. Collias,* 151 Ala. 515. The fictitious increase was in violation of section 234, Constitution 1901, as well as the general laws of the state.—*State ex rel. Webb, supra;* 29 N. J. E. 242; 51 La. Ann. 1827. A general denial is not effective.—Authorities supra. Counsel discuss the evidence, but without further citation of authority.

[State, ex rel. White v. Citizens Light & Power Co., et al.]

FRED S. BALL, for appellant.  No brief reached the Reporter.

ANDERSON, J.—The relator's case in the concrete, as set up in the amended complaint, is that, whether the new corporation did or did not comply with the formal requirements of the law in its organization, the purpose and effect of said organization was to evade the provisions of section 234 of the Constitution of 1901 against watering the stock of the existing corporation by organizing a new company and swell the stock of the old one by transferring it to the new or holding company for new stock at the rate of two for one.

In other words, that said new company was not organized as a bona fide holding or industrial concern, but for the sole purpose of placing the stock of the old company on the market at a fictitious increase, through the medium of the stock issued by the new company; that the new company was a mere sham or dummy organized for the sole purpose of watering the stock of the old company; that there was no material change in the name of the companies; that nothing constituted the assets of the new company except the stock in the old company at a fictitious or watered valuation of two for one; and that, while the said new company purported to be industrial in its nature, it had no intention whatever of engaging in the enterprise mentioned in its charter, but was a mere dummy to be used as a subterfuge in watering the stock of the new company and thereby evade section 234 of the Constitution, which prohibits "all fictitious increase of stock."  It may be true that section 234 does not apply to the issuance of original or initial stock and applies only to an increase of the stock.—*Beitman v. Steiner Bros.*, 98 Ala. 241, 13 South. 87.  But, be that as it may, the theory of the complaint

is that, while there was no actual increase of the stock of the old company, that the sole mission of the new company was to do indirectly what could not be done directly, and that, while new original stock was issued by the new company, it was but the increase of the old stock in another form. If this be true, it would not only be in violation of section 234 of the Constitution, but would be a fraud and in violation of law, whether expressly forbidden by the Constitution or not. So the crucial question in this case is the value of the stock in the old company at the time it was turned over to the respondent company. If it was worth no more than par, or not greatly in excess of par, and was valued at two for one by the new company, this would be a fraud in law and would indicate that the organization was not in good faith.

Such a performance as paying subscriptions for stock at an inflated valuation has often been condemned by this court as fraudulent at the instance of creditors of the corporation and innocent stockholders.—*Lea v. Iron Belt Company*, 147 Ala. 421, 42 South. 415, 8 L. R. A. (N. S.) 279, 119 Am. St. Rep. 93.

And if an organization is accomplished, though in legal form, but with fraudulent designs or for unlawful purposes, the state should put forth its strong arm and strike it down before the materialization of said designs or purposes.

If a corporation is organized for fraudulent or unlawful purposes, quo warranto is an appropriate remedy for vacating its charter.—*State v. Webb*, 97 Ala. 111, 12 South. 377, 38 Am. St. Rep. 151.

If, however, the stock in the old company was not materially less in value than what was given for same in new stock, this one fact would refute all charges of fraud, or that there was, in effect, only a watering of

the old stock. The Constitution was not violated if the old stock was reasonably worth two for one, the value placed on same, and, if this be true, it would refute all imputation or charge of fraud. So, as we view the case, the most serious and material question to determine is the value of the old stock at the time of the agreement to take it in settlement for the new stock.

It may be true that in quo warranto a mere denial of each and every fact in the information would be insufficient.—*Montgomery v. State,* 107 Ala. 384, 18 South. 157. But when the complaint, as in the present case, sets up all the facts, how the defendant was incorporated, and the circumstances and facts rendering it illegal, a general denial of same is almost, if not quite, the only adequate and proper reply. Pleas 7, 24, and B were but denials in varying forms of the material facts set out in the complaint, as constituting the invalidity of the organization and charter, and the trial court did not err in overruling the demurrers to same.

The objection to the question to the witness Goodwin, "Was there any scheme to double the stock of the company?" should have been sustained. It called for the conclusion or opinion of the witness and it was for the court, sitting as a jury, to determine whether or not there was a scheme to double the stock of the old company. This witness did not answer the next question objected to, but made one not at all responsive, and which may have been illegal; but the action of the trial court in not excluding said answer is not assigned as error.

The value of the stock, whether actual or market, should have been shown at or near the transfer, and not a year thereafter.

The value of the plant, assets, and franchise of the old company would be a factor in determining the real or

book value of the stock, as distinguished from the market value, and the real value of said stock, regardless of the market value, would be an element to be considered in determining whether or not the organization of the new corporation resulted from a concocted scheme to fraudulently water the stock of the old company.

Whiting did not have to be an expert to testify as to the value of the franchise; he was familiar with the plant, business, and condition of the old company.—*So. R. R. v. Morris,* 143 Ala. 628, 42 South. 17.

The certificate of Cobbs was sufficient, under section 3 of the acts of 1903, p. 312. It shows that the stock subscribed was to be paid for by the transfer of stock of the old company, and that a contract had been executed for a transfer of the old stock; it did not have to recite that the old stock had been previously transferred. Moreover, the complaint does not aver that the old stock was not transferred, and, if it did so aver, the averment was met by proof that it was transferred.

Section 2 of the act of 1903 (subdivision 'a'') provides that: "No name shall be assumed which is identical with that of any corporation already existing in this state, or so nearly similar thereto as to lead to confusion and uncertainty," etc. While the name of the new company is not identical with that of the old, it is so nearly similar thereto as to create uncertainty and confusion. We think, however, that this is a direction to the probate judge to not record the certificate, under section 4 of the act, which provides that he must not record same unless it complies with the provisions of the act. After he accepts the same and records the certificate, we do not think that the similarity of the name would of itself forfeit or authorize the vacation of the charter.

The provision was evidently intended to protect ex-

[Ham v. The State, ex rel. Buck, et al.]

isting corporations from an interference with their name or business, and an injured one would no doubt have the right to enjoin the use of the name by the new corporation.—Thompson on Corporations (2d Ed.) vol. 1, § 69. Section 2 of the act of 1903 is unlike the statute considered in the case of *State ex rel. v. Colias*, 150 Ala. 515, 3 South. 190, as it does not declare the result of a noncompliance therewith as to name. Moreover, what was said in said case, as to results if certain conditions had not been cured before the proceedings were instituted, was not decisive of the case and was dictum.

For the errors heretofore suggested, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur.