2 So.2d 611

TRY-ME BOTTLING CO., Inc., et al. v. TEAVER.

6 Div. 797.

Supreme Court of Alabama.
May 22, 1941.

Lange, Simpson, Brantley & Robinson, of Birmingham, for appellants.

Mead & Moebes, of Birmingham, for appellee.

**THOMAS, Justice.**

The appeal sought review of decree overruling demurrer to the bill as a whole and the several aspects thereof.

The general authorities on the subject presented by the pleadings are covered in 63 Corpus Juris § 100, p. 389 et seq. The observation is made that in order to make out a case of unfair competition, it is not necessary to show that any person has been actually deceived by defendant's conduct and led to purchase his goods in the belief that they are the goods of plaintiff or to deal with defendant thinking he was dealing with the plaintiff. It is sufficient to show that such deception may be the natural and probable result of defendant's acts. 63 C.J. pp. 396, 397.

The decision cited from this jurisdiction is Boston Shoe Shop v. McBroom Shoe Shop, 196 Ala. 262, 72 So. 102, 103, to the effect that "equity will grant injunctive relief against those who by imitative devices, symbols, or practices seek to divest or appropriate the trade or patronage which would otherwise go to another established business, on the principle that the 'good will' of a business is a valuable property right, and that the public, intending to patronize a particular business, ought not to be deceived or misled as to its identity." The second headnote of such decision is as follows: "A similarity sufficient to convey a false impression to the public mind, and of a character to mislead and deceive the ordinary purchaser in the exercise of ordinary care and caution in such matters, is sufficient to give the injured party right to redress, regard being had to the class of persons who purchased the particular article for consumption and to the circumstances ordinarily attending their purchase, but without requiring a nice discrimination from the ordinary purchaser; the mere existence of differences which are patent to the observant and well informed [person], does not necessarily amount to a sufficient differentiation, and similarity in the main distinguishing features will usually be suf-ficient to constitute infringement or 'unfair competition.'"

To the same effect is N. L. Pierce Nat. Detective Agency v. Pierce Detective Agency, 217 Ala. 594, 117 So. 191.

The reporter will set out the provisions of the several contracts that are indicated in the pleading as amended and as exhibits thereto. It shows a right in complainant as the exclusive sole agent. Continental Paper & Bag Corp., v. Jacksonville Paper Co., 231 Ala. 400, 165 So. 216.

It is apparent that the trial court was not in error in overruling the demurrer to complainant's amended bill, as indicated. As we view the several contracts, a reasonable construction thereof shows that complainant has reserved to himself the interest in the business as to the extract or syrups to be manufactured by the corporation for the territory specifically indicated.

The bill seeks an accounting. Would this touch the interest of the Dixi-Cola Laboratories, Inc., in any result to be here reached on the last-named feature of the bill? The rule that obtains in this jurisdiction is that where property rights are involved, all persons having legal or equitable rights in the subject matter must be made parties on the theory that in equity the entire controversy should be settled so as to bind all interested persons. Amann v. Burke et al., 237 Ala. 380, 186 So. 769. That is to say, when the equity court disposes of property, the purchaser should get a title unaffected by superior claims, legal or equitable. Here the primary purpose of the bill is injunctive, which would not sell the property, but in a way touch the respective rights of the complainant, respondent and the Dixi-Cola Laboratories, Inc.

There is no splitting of the cause of action in the bringing of this suit. The damages to complainant were separate and distinct and ascertainable from that which would accrue under contract to the Dixi-Cola Laboratories, Inc. The latter had the right to waive or not to insist upon its right of profits on sales to be made in the use of Dixi-Cola concentrates and cola-flavored carbonates made and sold by respondents contrary to the contract within the limited territory in Alabama in which respondent manufactured and sold its product. The Dixi-Cola Lab., Inc., could not forego or waive complainants' contract right and damages by the breach of the contract and the illegal use of its trade-

mark. The accounting prayed for is single and touched only the complainant and respondent, and may be had without affecting the rights of the Dixi-Cola Laboratories, Inc. The latter was not a necessary party, and any final judgment rendered in this suit would not conclude the Dixi-Cola Laboratories, Inc. So much by way of the discharge of the duty of this court to the notice of any absence of necessary parties that a bill may disclose. There was no error of the trial court in overruling the grounds of demurrer No. 33 (a), directed to a phase of the bill.

It results that the judgment of the circuit court should be, and the same is hereby, affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.