110 So.2d 886

**D. B. FUQUA**

v.

Woodrow **ROBERTS.**

6 Div. 134.

Supreme Court of Alabama.

April 9, 1959.

Earl Alford, Winfield, for appellant.

Fite & Fite, Hamilton, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from a decree of the Circuit Court of Fayette County, Alabama, in Equity, sustaining a demurrer to the amended bill of complaint. This appeal is here by virtue of § 755, Title 7, Code of Alabama 1940.

The bill, in substance, alleges that the complainant is conducting an automobile sales business at Birmingham under the name and style of City Car Market, and has been conducting such business for five or more years. He further alleges that the respondent is now conducting a similar automobile sales business in Fayette, Alabama, under the name and style of The City Car Market, and that such a business was commenced in the year 1955. Paragraph 4 of the amended bill is as follows:

"Complainant avers that a number of people, the exact number being unknown to complainant, as a natural and probable result from the defendant's use of such name, have been misinformed and misled and confused by defendant's acts to the extent that they think or, that they are doing business with complainant; that the businesses. of complainant and defendant are one and the same business under one ownership and with the same reputation for quality of product and service; or that, they, the people of Fayette County and West Alabama are likely to be so misinformed, misled and confused by the use of the complainant's business name by the defendant; that the defendant is being unjustly enriched by selling cars to customers who have been enticed to his premises fraudulently by the fraudulent use of the complainant's name by the defendant in order to take advantage of the complainant's extensive newspaper, radio and television advertising, so as to reap what he has not sown; that defendant is infringing upon complainant's tradename and his acts and practices will result in irreparable injury to complainant's automobile sales in the fnture and constitutes unfair competition."

There is a prayer to enjoin the respondent from using the name "The City Car Market" and for general relief.

"It is a cardinal rule of equity pleading that a bill should show with certainty and clearness that the complainant has a right that warrants protection, and the respondent must be distinctly informed of the nature of the case which he is called upon to defend; otherwise it is subject to demurrer." Montgomery v. Drinkard Auto & Truck Co., 257 Ala. 685, 60 So.2d 823, 825. But "the same precision of statement is not generally required in equity as at law, and the certainty with which averments must be made will depend on the particular case." Martin Stamping & Stove Co. v. Manley, 260 Ala. 112, 69 So.2d 671, 681.

Courts of equity have liberally exercised their injunctive powers to prevent injury from the infringement of trade names wherever it appeared the name was established, distinctive and a valuable adjunct to a place of business. All that is necessary is to inform the court that the complainant's trade is in danger of harm from the use of its name by the respondent in such a manner as it is likely to deceive the public into the belief that the respondent's affairs, in the respect complained of, are those of the complainant. Try-Me Bottling Co. v. Teaver, 241 Ala. 266, 2 So. 2d 611; N. L. Pierce Nat. Detective Agency v. Pierce Detective Agency, 217 Ala. 594, 117 So. 191.

It is not necessary to show in a bill for injunctive relief only that any person or persons have been actually deceived. McVay & Son Seed Co. v. McVay Seed & Floral Co., 201 Ala. 644, 79 So. 116; Boston Shoe Shop v. McBroom Shoe Shop, 196 Ala. 262, 72 So. 102.

Appellant admits in brief that the businesses of complainant and respondent are approximately 100 miles apart.

Undoubtedly, the question of competition will arise upon trial, but complainant alleges that he has extensively advertised in Fayette County and has sold and expects to sell automobiles to the people of Fayette County. The fact that Birmingham, Alabama, and Fayette, Alabama, are different communities approximately 100 miles apart is not of controlling significance. Ball v. Best, C.C., 135 F. 434; Hub Clothing Co. of Wilkes-Barre v. Cohen, 270 Pa. 487, 113 A. 677.

In N. L. Pierce Nat. Detective Agency v. Pierce Detective Agency, supra [217 Ala. 594, 117 So. 191], this court said:

"The remedy by injunction to prevent injury to an established business by the employment of a trade-name so similar as to take advantage of the good will of the former, and divert business resulting therefrom to the new concern, is well established and defined in the former decisions of this court. Kyle v. Perfection Mattress Co., 127 Ala. 39, 28 So. 545, 50 L.R.A. 628, 85 Am.St.Rep. 78; Epperson [& Co.] v. Bluthenthal, 149 Ala. 125, 42 So. 863, 13 Ann.Cas. 832; [State ex rel.] White v. Citizens Light & Power Co., 172 Ala. 232, 55 So. 193; Grand Lodge, K. P. of North and South America, etc. v. Grand Lodge, etc., 174 Ala. 395, 56 So. 963; Boston Shoe Shop v. McBroom Shoe Shop, 196 Ala. 262, 72 So. 102; G. B. McVay & Son Seed Co. v. McVay Seed & Floral Co., 201 Ala. 644, 79 So. 116; Harrison Transfer Co. v. Harris Transfer & Warehouse Co., 208 Ala. 631, 95 So. 12." And the court also said:

"An injunction operates prospectively for future protection. This was the sole relief sought. * * * Note to Terry v. Cooper, 48 A.L.R. 1257, 1264; Yellow Cab Co. [of San Diego] v. Sachs, 191 Cal. 238, 216 P. 33, 28 A.L. R. 105."

This court stated in Boston Shoe Shop v. McBroom Shoe Shop, 196 Ala. 262, 72 So. 102, 103:

"On the principle that the 'good will' of a business is a valuable property

right, and that the public who may intend to patronize a particular business, whether it dispenses merchandise or merely labor, ought not to be deceived or misled as to its identity, it is thoroughly settled, by a host of precedents, that courts of equity will grant injunctive relief against those who seek to divert and appropriate by imitative devices, symbols, or practices, the trade or patronage which would otherwise go to another established business. Glen & Hall Mfg. Co. v. Hall, 61 N.Y. 226, 19 Am.Rep. 278; Myers v. Kalamazoo Buggy Co., 54 Mich. 215, 19 N.W. 961, 20 N.W. 545, 52 Am.Rep. 811; Am[erican] Tobacco Co. v. Polacsck (C.C.) 170 Fed. 117; Kyle v. Perfection Mattress Co., 127 Ala. 39, 28 South. 545, 50 L.R.A. 628, 85 Am. St.Rep. 78. * * *

* * * * * *

"The bill does not charge in terms that the imitation of complainant's device was designed or fraudulent. But while design is significant, and may be in many cases of controlling importance, neither design nor actual fraud in such an imitation is a necessary element of the right to relief. * * *

"Nor is it necessary to show, in a bill for injunction merely, that any persons have been actually deceived. 38 Cyc. 773, and cases cited."

This court, in the case of G. B. McVay & Son Seed Co., Inc., v. McVay Seed & Floral Co., Inc., supra [201 Ala. 644, 79 So. 119], stated:

"We think the bill alleges facts which support the conclusion of actual fraud. But the better view is that actual fraud in unfair competition need not be alleged or proved, and that constructive fraud is sufficient, and this is the rule in this state. Grand Lodge K. P. of North and South America etc. v. Grand Lodge K. P., 174 Ala. 395,

56 South. 963; Boston Shoe Shop v. McBroom Shoe Shop, 196 Ala. 262, 72 South. 102. Nor is it necessary to show, in a bill for injunctive relief only, that any persons have been actually deceived. Boston Shoe Shop v. McBroom Shoe Shop, supra. We have stated that the allegations of the bill show that respondent's use of the name of G. B. McVay in its corporate or trade-name is unfair competition, against which injunctive relief should be granted. It follows that the demurrer to the bill of complaint was properly overruled."

In Try-Me Bottling Co. v. Teaver, 241 Ala. 266, 2 So.2d 611, 615, this court said:

"The general authorities on the subject presented by the pleadings are covered in 63 Corpus Juris, § 100, p. 389 et seq. The observation is made that in order to make out a case of unfair competition, it is not necessary to show that any person has been actually deceived by defendant's conduct and led to purchase his goods in the belief that they are the goods of plaintiff or to deal with defendant thinking he was dealing with the plaintiff. It is sufficient to show that such deception may be the natural and probable result of defendant's acts. 63 C.J., pp. 396, 397."

It is said in 87 C.J.S. Trade-Marks, etc. § 30 p. 265, that:

" * * * In order to entitle a party to an injunction restraining another from the use of a trade-name, he must make it appear, with at least reasonable certainty, that his adoption of the name was prior in time to that of his adversary, that he adopted and made use of it in such manner as reasonably to apprise the public that he intended it as a distinctive appellation for his trade, commodity, or place of business, and that it was not, at the time of his at-

tempted appropriation of it, in common or general use in connection with like businesses, commodities, buildings, or localities."

And in 87 C.J.S. Trade-Marks, etc. § 33 p. 268, it is said:

" * * * Thus, no word or combination of words can be exclusively appropriated if it is merely descriptive of the particular business, or of the quality, style, character, grade, or class of the goods, * * *"

In the case of Cape May Yacht Club v. Cape May Yacht & Country Club, 81 N.J. Eq. 454, 86 A. 972, 973, it is said:

"The jurisdiction of courts of equity to prevent injury from infringement of trade-names has been liberally exercised and applied in all circumstances whenever it appeared that the name was an established, distinctive and valuable adjunct to an undertaking, whether used to distinguish manufactured articles, a place of business, or a corporation, commercial, or one formed not for pecuniary gain. All that is required to bring into activity the unjunctive powers of the court, is to inform it that the complainant's trade is in danger of harm from the use of its name, by the defendant in such a way as is calculated to deceive the public into the belief that the defendant's affairs, in the respect complained of, are those of the complainant. * * *"

Although the bill of complaint is not the epitome of legal draftsmanship, we think it sufficiently shows an equitable cause of action and it was error to sustain the demurrer.

Reversed and remanded.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.