# Boston Shoe Shop v. McBroom Shoe Shop.

### Bill to Enjoin Use of Trade Device.

(Decided June 1, 1916.   72 South. 102.)

1. Trade Marks and Trade Names; Imitation; Injunction.—Equity will grant injunctive relief against those who, by imitative devices, symbols or practices seek to divert or appropriate the trade or patronage which would otherwise go to another established business, on the principle that the good will of the business is a valuable property right, and that the public, intending to patronize a particular business, ought not to be misled or deceived as to its identity.

2. Same; Unfair Competition.—A similarity sufficient to convey a false impression to the public mind, and of a character to mislead and deceive the ordinary purchaser in the exercise of ordinary care and caution in such matters, is sufficient to give the injured party right of redress, regard being

[Boston Shoe Shop v. McBroom Shoe Shop.]

had to the class of persons who purchased the particular article for consumption, and to the circumstances ordinarily attending the purchase, but without requiring a nice discrimination from the ordinary purchaser; the mere existence of differences which are patent to the observing and well informed person, does not necessarily amount to a sufficient differentiation, and similarity in the main distinguishing features will usually be sufficient to constitute infringement or unfair competition.

3. Same; Similarity.—The trade devices considered and it is held that respondent's trade device was designed to imitate that used by complainant, that the imitation was such as might readily deceive the average patron of complainant's business, divert some of its patronage, and was unfair competition, such as would be enjoined.

4. Same.—While the design is significant and may be of controlling importance in some cases, neither design nor actual fraud in such an imitation of complainant's trade device is a necessary element of the right to relief on the ground of unfair competition.

5. Same; Deception.—It is not necessary to show that any person had been actually deceived by respondent's mark or device on bill filed to enjoin an unfair competition.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Bill of the Boston Shoe Shop, a corporation, against the McBroom Shoe Shop, a corporation, to enjoin the use of trade devices. From a decree sustaining a demurrer and refusing the injunction, complainant appeals. Reversed, rendered, and remanded.

The bill and the devices therein alluded to are as follows: And humbly complaining, your orator represents unto your honor as follows:

First: That for some years prior to the filing of this bill and up to the time of his death a few months ago, one Reuben A. McBroom conducted in Mobile a business known as the "Boston Shoe Shop." That said McBroom died on, to-wit, the 18th day of December, 1914. The said "Boston Shoe Shop" was engaged principally in repairing shoes. That for a long time prior to and up to the time of his death the said McBroom had used extensively on his letter heads and in his advertising matter, and in other ways whereby it was brought prominently before the public, the following trade-name and design:

[Boston Shoe Shop v. McBroom Shoe Shop.]

Second. That the said Reuben A. McBroom spent considerable money in promulgating the said device or design, and that by its adoption, promulgation, and long user it had become a well known and valuable trade device.

Third. That after the death of the said McBroom, his personal representative, one Inge, who had been duly appointed by the probate court of Mobile county, and who was duly qualified as such personal representative, published in the newspapers of Mobile advertisements to the effect that said business of McBroom's including the name and good will thereof, would be sold, by sealed bids, and the same was sold in due course.

Fourth. That Leonard H. Metzger and Bertram H. Pake became the purchasers at said sale, and immediately commenced operating the said business, and continued to operate the same, and to use the name and design above described until the rights by them acquired as such purchasers aforesaid were by them assigned and made over to your orator in the early part of February, 1915, or thereabouts, and since that time your orator has continued the operation of the said business, and the use of the name thereof, and of the said device or design, and has continued to promulgate and to publish the said device or design in newspapers and otherwise.

Fifth. That the amount paid by Metzger and Pake to the personal representative of the said McBroom for the said business was $6,251.60, which sum greatly exceeded the value of the stock in trade, fixtures, and machinery acquired by reason of the purchase; and your orator says that the said Pake and Metzger acquired the name and good will of the said business, including the sole and exclusive right to use the design hereinabove mentioned, and that your orator has acquired such right from the said Metzger and Pake.

Sixth. The the sole and exclusive right to use the said device or design was a valuable element of. the name and good will of the said business, and the opportunity to acquire such right largely induced the payment of a sum greatly in excess of the actual value of the tangible property acquired in manner aforesaid.

Seventh. That the present shareholders of the defendant corporation are respectively the mother and two brothers of the said Reuben A. McBroom, and that they, or some of them, were unsuccessful bidders at the sale of the "Boston Shoe Shop" made

[Boston Shoe Shop v. McBroom Shoe Shop.]

by the personal representative of the said Reuben A. McBroom, in the manner hereinbefore described.

Eighth. That since the purchase by Metzger and Pake hereinbefore mentioned, the persons referred to in the seventh paragraph of this bill have organized the defendant company to engage, and it is now engaged, in a business similar to that of the complainant, and that the place of business of the respondents is No. 264 Dauphin street, Mobile, Ala.

Ninth. That the defendant, almost continously since its organization, has used, and now uses, upon its letter heads, in its advertising matter, upon banners, and signs across and upon the front of its place of business, and in other ways whereby it is brought prominently before the public, the following design or devise:

Tenth. That the use by the defendant of the said design is an infringement of the rights of the plaintiffs, and that such use is unfair competition, and that it will probably result in confusion and deception of the public, to the detriment of complainant's business.

Eleventh. That complainant has heretofore requested defendant to cease its infringement upon complainant's rights in the premises, but that the defendant has ignored and disregarded such request, and continues the practices herein complained of.

Wherefore, the premises considered, your orator prays that your honor will take jurisdiction of this its bill of complaint, and that the said McBroom Shoe Shop, Incorporated, may be made a defendant to this bill, and that it may be brought into this court by appropriate process in accordance with the practice of this honorable court, and that it may be required to plead, answer, or demur to this bill within the time fixed by this honorable court.

And your orator further prays that your honor will, upon the hearing of this cause, grant unto your orator the writ of injunction of the state of Alabama, directed to the defendant herein, perpetually restraining it from:

(a) Using in its signs, banners, advertising matter, or in any other manner whereby the same may be brought before the

public, any design or device in upright script similar to or identical with the complainant's design or device, hereinbefore described.

(b) Using in its signs, banners, advertising matter, or in any other manner whereby the same may be brought before the public, a design in script with the stroke or flourish beneath the same.

(c) Using in its signs, banners, advertising matter, or in any other manner whereby the same may be brought before the public, a design in script with the stroke or flourish beneath the same, having a phrase or word or words "cut in" to such stroke or flourish after the manner of complainant's design.

(d) Using in its signs, banners, advertising matter, or in any other manner whereby the same may be brought before the public, a design or device containing the phrase "We fix 'em quicker," or any similar phrase or phrases.

(e) Using in its signs, banners, advertising matter, or in any other manner whereby the same may be brought before the public, or from using in any fashion, the phrase, "We fix 'em quicker," or any similar phrase or phrases.

(f) And your orator further prays that your honor will grant unto your orator all such other, full, or different relief as it may be entitled to in the premises, and as to your honor may seem meet and just.

Hanaw & Pillans,<br>
M. V. Hanaw,<br>
Solicitors for Complainant.

Footnote: The defendant is required to answer all the allegations in this bill contained from paragraph 1 to paragraph II, inclusive, but not under oath; answer under oath being hereby expressly waived.

Hanaw & Pillans,<br>
M. V. Hanaw,<br>
Solicitors for Complainant.

HANAW & PILLANS, and M. V. HANAW, for appellant. FRANK S. STONE, for appellee.

SOMERVILLE, J.— (1) On the principle that the "good will" of a business is a valuable property right, and that the public who may intend to patronize a particular business, whether it dispenses merchandise or merely labor, ought not to be deceived

or misled as to its identity, it is thoroughly settled, by a host of precedents, that courts of equity will grant injunctive relief against those who seek to divert and appropriate by imitative devices, symbols, or practices, the trade or patronage which would otherwise go to another established business.—*Glen & Hall Mfg. Co. v. Hall,* 61 N. Y. 226, 19 Am. Rep. 278; *Myers v. Kalamazoo Buggy Co.,* 54 Mich. 215, 19 N. W. 961, 20 N. W. 545, 52 Am. Rep. 811; *Am. Tobacco Co. v. Polacsek* (C. C.) 170 Fed. 117; *Kyle v. Perfection Mattress Co.,* 127 Ala. 39, 28 South. 545, 50 L. R. A. 628, 85 Am. St. Rep. 78, and note pages 83-125. Most of the cases in the note referred to are trade-mark cases, but the principle and policy of the protection afforded are substantially the same in cases of unfair competition.—38 Cyc. 762, 763.

(2) With respect to such imitative devices, the Supreme Court of the United States, in an opinion which has been very generally quoted, lays down a simple test: "Where the similarity is sufficient to convey a false impression to the public mind, and is of a character to mislead and deceive the ordinary purchaser in the exercise of ordinary care and caution in such matters, it is sufficient to give the injured party a right to redress." —*McLean v. Fleming,* 96 U. S. 254, 24 L. Ed. 828.

And in applying this test, viz., the likelihood of deception of an ordinary person exercising ordinary care, as was justly observed by Lacombe, J., "regard must be had to the class of persons who purchase the particular articles for consumption, and to the circumstances ordinarily attending their purchase."— *N. K. Fairbank Co. v. R. W. Bell Mfg. Co.,* 77 Fed. Fed. 869, 871, 23 C. C. A. 554, 556. Nor is "a nice discrimination to be expected from the ordinary purchaser."—*Internat. Silver Co. v. Rogers' Corp.,* 67 N. J. Eq. 646, 60 Atl. 187, 110 Am. St. Rep. 506, 510, 3 Ann. Cas. 804.

Of course, the mere existence of differences which are patent to the observant and well informed does not necessarily amount to a sufficient differentiation, and similarity in the main distinguishing features will usually be sufficient to constitute infringement or unfair competition.—*Boardman v. Meriden Brittania Co.,* 35 Conn. 402, 95 Am. Dec. 270; *Pratt's Appeal,* 117 Pa. 401, 11 Atl. 878, 2 Am. St. Rep. 676; *Saxlehner v. Eisner, etc., Co.,* 179 U. S. 19, 21 Sup. Ct. 7, 45 L. Ed. 60; 38 Cyc. 790b.

(3) Applying these principles to the case before us, we cannot avoid the prima facie conclusion that respondent's device for

advertising its business and soliciting the patronage of the public was studiously designed to imitate the salient features of the device previously used by the Boston Shoe Shop; and that the imitation is of such form, appearance, and character as may readily deceive the average patron of complainant's establishment, and thus divert some of its patronage by what must be regarded as unfair competition.

Our conclusion is fully sustained and vindicated by the consensus of judicial opinion as illustrated by a great number of analogous cases: *Kyle v. Perfection Mattress Co.*, 127 Ala. 39, 28 South. 545, 50 L. R. A. 628, 85 Am. St. Rep. 78; *Weinstock v. Marks*, 109 Cal. 529, 42 Pac. 142, 30 L. R. A. 182, 50 Am. St. Rep. 57; *G. G. Fox Co. v. Glynn*, 191 Mass. 344, 78 N. E. 89, 9 L. R. A. (N. S.) 1096, 114 Am. St. Rep. 619; *Vulcan v. Myers*, 139 N. Y. 364, 34 N. E. 904; *Lawrence Co. v. Tennessee Co.*, 138 U. S. 549, 11 Sup. Ct. 396, 34 L. Ed. 997; *McLean v. Fleming*, 96 U. S. 245, 24 L. Ed. 828; *Northwestern Consol. Co. v. Callam* (C. C.) 177 Fed. 786; *Mellwood Distilling Co. v. Harper* (C. C.) 167 Fed. 389; *Hansen v. Siegel Cooper Co.* (C. C.) 106 Fed. 691; *Centaur Co. v. Killenberger* (C. C.) 87 Fed. 725; *Fairbank Co. v. Bell Co.*, 77 Fed. 869, 23 C. C. A. 554; *Enoch Morgan's Sons v. Ward*, 152 Fed. 690, 81 C. C. A. 616, 12 L. R. A. (N. S.) 729; *Same v. Whittier Coburn Co.* (C. C.) 118 Fed. 657; 38 Cyc. 780, note 31. See, also, Mr. Freeman's note in 85 Am. St. Rep. 83-125, on trademark cases.

An inspection of the infringed and infringing devices exhibited by the bill of complaint will illustrate the obnoxious character of the imitation complained of far better than mere verbal description can do. Doubtless the learned trial judge was misled by the obvious difference in the names "Boston Shoe Shop" and "McBroom Shoe Shop." Such a difference might, indeed, be sufficient to avoid the conclusion of unfairness, but for the fact that the business of the Boston Shoe Shop, as well as its peculiar advertising device, had for many years been associated with the name of its founder, R. A. McBroom, and hence the advertisement of a "McBroom Shoe Shop," by the same peculiar device, would bear upon its face a powerful and persuasive suggestion that the original shoe shop was now doing business under the new name—a suggestion by no means weakened by the seductive addition of a single syllable to the slogan, "We fix 'em quick." As said by Tyson, J., in *Kyle v. Perfection Mattress Co.*, 127 Ala.

39, 51, 28 South. 545, 547 (50 L. R. A. 628, 85 Am. St. Rep. 78) : "When there is a marked similarity in the labels, signs, literature, and devices for attracting custom, but little weight is attached to precautionary differences or denials of a purpose to deceive the public."

(4) The bill does not charge in terms that the imitation of complainant's device was designed or fraudulent. But while design is significant, and may be in many cases of controlling importance, neither design nor actual fraud in such an imitation is a necessary element of the right to relief.—*C. S. Higgins, Co. v. Higgins Soap Co.*, 144 N. Y. 462, 39 N. E. 490, 27 L. R. A. 42, 43 Am. St. Rep. 769; *Koebel v. Chicago, etc., Bureau*, 210 Ill. 176, 71 N. E. 362, 102 Am. St. Rep. 154; *Nesne v. Sumdet*, 93 Minn. 299, 101 N. W. 490, 106 Am. St. Rep. 439, 3 Ann. Cas. 30; *Wirtz v. Eagle Bottling Co.*, 50 N. J. Eq. 164, 24 Atl. 658; 38 Cyc. 784, 785, and cases cited in notes 37 and 38.

(5) Nor is it necessary to show, in a bill for injunction merely, that any persons have been actually deceived.—38 Cyc. 773, and cases cited.

It results that there is equity in the bill, and the general demurrer was erroneously sustained. Let the decree of the lower court be reversed, and a decree be here rendered overruling the demurrer to the bill of complaint.

Reversed, rendered, and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.