(95 South. 12)

## HARRISON TRANSFER CO. v. HARRIS TRANSFER & WAREHOUSE CO.
### (6 Div. 758.)

(Supreme Court of Alabama. Jan. 11, 1923.)

**I. Trade-marks and trade-names and unfair competition ⊝73(2)—Corporation more restricted than individual in use of name.**

In view of Code 1907, § 3446, forbidding a corporation to assume a name so nearly similar to that of a corporation already existing in the state as to lead to confusion and uncertainty, a corporation is not so immune from attack on the ground of unfair competition by reason of its name as is an individual using his family name in business.

**2. Trade-marks and trade-names and unfair competition ⊝73(2)—Use of corporation name held unfair as calculated to mislead customers.**

As against complainant, Harris Transfer & Warehouse company, an old, successful company, it was unfair for the purchasers of a like business of an unsuccessful company, in reorganizing, to change the name to Harrison Transfer Company, using the name of a holder of a single share of stock, and over its place of business, formerly used by complainant, and on at least one of its trucks, put the name "Harrison Transfer & Warehouse Company"; this tending, and evidently being intended, to mislead prospective customers.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by the Harris Transfer & Warehouse Company against the Harrison Transfer Company. Decree for complainant, and defendant appeals. Affirmed.

William Vaughan and Louis Silberman, both of Birmingham, for appellant.

The fact that careless purchasers are deceived merely by the use of ordinary and common form of putting up goods does not show unfair competition. 149 U. S. 562, 13 Sup. Ct. 966, 37 L. Ed. 847; 144 Fed. 1022; (C. C.) 160 Fed. 1013; 178 Fed. 543, 102 C. C. A. 53; 129 N. Y. 38, 29 N. E. 9, 14 L. R. A. 245; 67 N. J. Eq. 646, 60 At. 187, 110 Am. St. Rep. 506, 3 Ann. Cas. 804. A personal name is not the subject of exclusive appropriation as a trade-mark. 72 Conn. 646, 45 Atl. 957, 49 L. R. A. 147; 54 Conn. 527, 9 Atl. 395; 139 Fed. 257, 71 C. C. A. 383; 122 Fed. 348, 58 C. C. A. 510; 53 Conn. 121, 1 Atl. 807, 5 Atl. 675, 55 Am. Rep. 78; 3 De G., M. & C. 896. It was the duty of appellant to add words indicating the nature of its business, such as "transfer company" or "transfer and warehouse company." Code 1907, § 3446; 201 Ala. 277, 78 South. 53; 38 Cyc. 771.

John T. Glover, of Birmingham, for appellee.

No name shall be assumed by any corporation which is so nearly similar to that of any other corporation as to lead to confusion. Code 1907, § 3446 (1). It is a fraud on one who has established a trade and carried it on under a given name for another to assume that name, or the same name with a slight variation, in such manner as to induce persons to deal with him in the belief that they are dealing with one who has given a reputation to that name. 2 High on Inj. 1069; 70 South. 640; 196 Ala. 262, 72 South. 102; 201 Ala. 644, 79 South. 116.

SAYRE, J. [1, 2] Complainant, Harris Transfer & Warehouse Company, commonly, it appears, referred to as "Harris Transfer Company," filed this bill against the Harrison Transfer Company, seeking to enjoin the use of the name "Harrison Transfer Company" or "Harrison Transfer & Warehouse Company" in the conduct of defendant's business. The proof, in substantial accord with the averments of the bill, shows that, of these two incorporated companies, both engaged in the transfer and warehouse business, complainant is the older company, and formerly did business in the place now occupied by defendant. At one time the Rounds Transfer Company engaged in the same business in the city of Birmingham; E. W. Rounds owning 28 of the 30 shares of its capital stock. The Rounds Company was not successful, and after 28 of its shares had come into the control of one Erdreich (of which his wife owned 1) and J. A. Harrison had acquired 1—the remaining share being retained by E. W. Rounds—the name of the company was changed to Harrison Transfer Company. Over its place of business and upon at least one of its trucks appeared the name Harrison Transfer & Warehouse Company. There was evidence tending to show that defendant company, of which Erdreich is now president and manager, made conscious effort to draw business away from complainant by representing itself to inquirers by telephone as being the complainant company; this, however, is emphatically denied by defendant. Mistakes in that method of communication may have easily confused the names of the two companies, or defendant's telephone may have been intentionally used by defendant in such manner as to induce customers to believe they were dealing with complainant. One witness testifies, in effect, that upon one occasion, when she went again to defendant's place of business, asking particularly for complainant, who before that had done some hauling for her, she was informed that defendant was the company she was looking for. It may be conceded that, if complainant's case rested exclusively upon the evidence as to specific dealings with customers, such evidence, though creating grave suspicion as to the ethics of de-

fendant's manner of business, would scarcely suffice to authorize the relief prayed.

It seems evident, however, that defendant proceeded upon the theory that, since one of its stockholders was named Harrison, it had as much right to use that name as complainant had to use the name "Harris," and that, since "transfer" is a generic term (Empire Guano Co. v. Jefferson Fertilizer Co., 201 Ala. 277, 78 South. 53), it had an equal right to the use of it. Let it be conceded that defendant's theory in its simple form will hold good, that every individual has the right to the use of his own name, and that the word "transfer" is public property. It does not follow, however, that the relief prayed in complainant's bill has been inappropriately awarded; for here—aside from the alleged dealings in specific instances— it appears to us to be reasonably clear that, in adopting the corporate name under which defendant now does business, and in its subsequent practice, by signs even more closely approximating the name of the complainant, defendant had in mind the advantages of its nominal similarity to that of an old and well-known competitor, doing a large business, rather than the benefits to follow upon the adoption of the name of the owner of a single share of its stock, and consciously sought by these means to draw away a share of the business which otherwise would have gone to complainant; nor is it difficult to perceive that, if these imitations may be used without restraint, complainant's business will suffer. In Stix v. American Piano Co., 211 Fed. 271, 127 C. C. A. 639, the United States Circuit Court of Appeals, observing that "it is now settled beyond controversy that a family surname is incapable of exclusive appropriation in trade," and that "the right of every man to use his own name in his business was declared in the law before the modern doctrine of unfair trade competition had arisen," yet declared that, if a name has previously become well known in trade, the newcomer must exercise reasonable care to avoid confusion which will result in injury to the other. Many cases along this line are discussed in Nims on Unfair Competition (2d Ed.) §§ 67–81. Defendant is not quite in a position so immune to attack as an individual using his family name in business, for defendant is a corporation forbidden by law (section 3446 of the Code), whatever stockholder's name it may desire to make prominent, to assume any name "which is identical with that of any corporation already existing in this state, or so nearly similar thereto as to lead to confusion and uncertainty." Nor, on the other hand, has defendant used precisely the surname which appears in the name of the complainant corporation. Still, as already indicated, our opinion is that defendant has

not only failed to use due care, but has consciously sought to imitate in various ways the corporate name and business accessories first used by complainant, all this in a manner very reasonably calculated to mislead complainant's prospective customers, a result which might have been avoided by the use of the slightest care in the premises. The applicable law has been elaborately discussed in G. B. McVay & Son Seed Co. v. McVay Seed & Floral Co., 201 Ala. 644, 79 South. 116, a case which affords ample authority for our conclusion that the chancellor's decree, enjoining defendant (appellant) from using the name "Harrison Transfer Company," or the name "Harrison Transfer & Warehouse Company," in the conduct of its business or in advertising the same, and from representing to prospective customers, or others, that defendant is complainant, is well grounded in law and fact, and should be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.