44 So.2d 754

**SOUTHERN SCRAP MATERIAL CO.,
LIMITED v. SMITH.**

**6 Div. 888.**

Supreme Court of Alabama.

March 2, 1950.

Robt. W. Smith, of Birmingham, for appellant.

D. H. Markstein, Jr., of Birmingham, for appellee.

SIMPSON, Justice.

Bill for (1) declaratory judgment, (2) award of damages for wrongful use by appellant of the name "W. M. Smith & Company," and (3) permanent injunction restraining such use of the name. From a decree overruling demurrer to the bill attacking its general equity, the defendant brings this appeal.

The question is whether the appellee, as the widow and sole beneficiary under the will of W. M. Smith, deceased, by which she was bequeathed all his property, had the right to use the name "W. M. Smith & Company" in a similar business to the one formerly operated by the testator under that name in his lifetime, as against appel-

lant which, by contract duly executed between it and the said W. M. Smith, had been excluded from the use of the name.

The case presented is substantially this: Said W. M. Smith was for many years engaged in a co-venture with appellant, a Louisiana corporation, in the city of Birmingham under the name "W. M. Smith & Company." In 1942 a partnership agreement was entered into between said Smith and appellant corporation which contained the following provision: "In the event of the dissolution of W. M. Smith & Company, William M. Smith [testator], *his heirs and assigns*, shall have the sole right, without payment therefor, *to retain and use* the name of W. M. Smith & Company and to operate a business of similar scope and purpose under said name." (Exhibit B to the bill; emphasis ours)

Thereafter, by written agreement, the partnership was agreed to be dissolved as of December 31, 1945, Smith conveying all of his interest in the assets of the business to appellant corporation and giving appellant corporation the right to use the name "W. M. Smith & Company" until December 31, 1948. (Exhibit A to the bill.)

The bill shows that the time limit within which appellant was permitted to use the said name has expired, but that appellant has wrongfully continued in the use thereof despite notice from appellee that it should cease to so do; that the use of said name is a valuable property right belonging to appellee; that she desires to use the said name in a similar business to that carried on during the lifetime of her husband, either on her own account or in association with others, but that it is wholly impossible or impracticable for her to exercise her legal rights in that respect due to respondent's persistence in the wrongful use of the name in its own business. Premised on these facts, the prayer of the bill is for the relief first hereinabove noticed.

The basis of the claim that the bill is without equity is rested upon the general doctrine that a tradename is not an article of property that may be transferred, nor descendable by inheritance or succession separately from the business with which

358

it has become identified. 63 C.J. 520, § 221; 63 C.J. 512, § 214; 3 Restatement of the Law, Torts, p. 675, § 755; 52 Amer. Jur. 525, § 32.

It would serve no useful purpose here to review the historical development as regards trademarks and tradenames. Suffice it to say that the spirit of the eternal youth of the common law does not permit this court to ignore the new, enlarged and modern methods of merchandising which have brought about many new concepts as regards the property right involved in trademarks and tradenames. For modern trend see Robert's "The New Trade Mark Manual" (1947).

It is to be conceded that a person has no property right in his individual personal name as used to identify himself as an individual, but when his name is used as a trade or commercial name a property right is created in it in association with the business or trade it identifies.—52 Amer.Jur. 513, § 13. And, the use of a family name in business is a personal right. Pierce National Detective Agency v. Pierce Detective Agency, 217 Ala. 594, 117 So. 191; 52 Am. Jur. 547, § 64, note 14.

During the lifetime of W. M. Smith he so used his name for himself and in association with others as to create in the tradename "W. M. Smith & Company" a property right. To maintain the property right thus acquired, the name must be used or else it is subject to loss by abandonment. Cohen v. Nagle, 190 Mass. 4, 76 N.E. 276, 2 L.R.A.,N.S., 964, 5 Ann.Cas. 553.

True, as a general proposition, upon the dissolution of a partnership the succeeding partner has the right to carry on the business under the old name. 40 Am.Jur. 314, § 368. This rule, however, is not applicable here in view of the express contract between the parties, for where a tradename is licensed for a specific period, the right to its use as licensee expires when the contract covering its use terminates. Stratton & Terstegge Co. v. Stiglitz Furnace Co., 258 Ky. 678, 81 S.W. 2d 1; J. F. Rowely Co. v. Rowely, 3 Cir., 18 F.2d 700; Prichard Co. v. Consumers Brewing Co., 6 Cir., 136 F.2d 512.

We have heretofore noted that W. M. Smith, deceased, had prior to his death a property right in the tradename "W. M. Smith & Company." Both parties to the license contract recognized it as a valuable right as evidenced by their contract of dissolution. This name upon the expiration of the license period to appellant reverted to W. M. Smith, *his heirs or assigns,* pursuant to the terms of the contract between the parties; and under the particular facts here presented, the tradename "W. M. Smith & Company," when used (which use by W. M. Smith was prevented by contract between the parties during the lifetime of W. M. Smith, and thus far since his death denied to the appellee because of the wrongful use of the tradename by appellant) in connection with a business of similar scope and purpose which said name purports, passed as a part of the estate of W. M. Smith, deceased. Appeal of Pratt, 117 Pa. 401, 11 A. 878, 2 Am.St.Rep. 676; Fay's Admrs. v. Fay, N.J.Ch., 6 A. 12.

This aside, however, and also without considering the question of estoppel by contract, or the right of equity generally to prevent the commission of an irreparable wrong, we think the general equity of the bill to be sustained on the broad ground that the widow would have the right to the use of the family name as a tradename as against an outsider of a different family name, who had no right by contract or otherwise to the use thereof in connection with a going business, and especially this appellant which, by its own contract, expressly recognized it had no such right and impliedly contracted against its own usurpation thereof.

The rule of common sense and obvious justice should deduce such conclusion. Justice is the end of the law and the courts should not be impotent to protect such an obvious right. The common law, with its capacity of growth and expansion, its adaptability to the necessities of changing conditions in an ever-advancing civilization, and its abilities to discover and apply remedies to protect rights or prevent wrongs, contains within itself the resources of principle upon which to base relief in the instant case. Natural justice and the

necessities of the case should prevail over objections based on the novelty of the asserted cause or some outmoded excrescence of ancient law, no longer sustainable in modern society. Cf. 5 Harvard Law Review, Vol. IV, December 1890, p. 193, by Warren and Brandeis.

We think the decree is due to be sustained.

Affirmed.

BROWN, FOSTER, LIVINGSTON, LAWSON, and STAKELY, JJ., concur.