Griffith, J.
This case involves a consideration of the law relating to trade names, trademarks and service marks.
A trade name, the broadest of these terms, is descriptive of the identity of the owner of the business. It identifies the source of the product or services, the business itself and need not be affixed to the product, although it may serve to identify not only the business but also the product. Katz Drug Co. v. Katz, 240 Mo. App., 739, 217 S. W. (2d), 286; Gordy v. Dunwody, 209 Ga., 627, 74 S. E. (2d), 886; and Mary Muffet, Inc., v. Smelansky, 158 S. W. (2d), 168.
A trademark is a sign, word or device affixed to a product which identifies the goods of a particular seller or manufacturer and distinguishes them from the goods sold or produced by another. Application of McIlhenny Co., 278 F. (2d), 953.
A service mark, which is comparatively new in the law, is in effect a trademark which relates to a service rather than a product. It is a mark used in the advertising and sale of services of one person or firm to distinguish them from the services of another. Toulman, Trade Mark Handbook, 302. Such service marks may include titles, designations, slogans and char *6 acter names. 4 Callman, Unfair Competition and Trade-Marks (2 Ed.), 2129; and Section 1329.54, Revised Code.
Although trade names, trademarks and service marks are used differently, they all serve the same basic purposes, viz., to identify a business and its products or services, to create a consumer demand therefor, and to protect any goodwill which one may create as to his goods or services.
The fundamental purpose of the laws protecting interests in a trade name, trademark and service mark is twofold. First, it is to protect the public. Present day consumer purchasing is based frequently on name buying. Consequently, such name must be protected to assure the purchaser that he gets the goods from the source on which he relies. Second, it is to protect the interest of the owner of the name or mark in the goodwill he has created, by keeping another merchandiser or producer from infringing on the goodwill created as to the name or mark. In part, the legal protection afforded is to prevent one from reaping where one has not sown.
The basic principles governing trademarks and trade names are the same. Neva-Wet Corporation of America, Inc., v. Neva-Wet Processing Corp., 277 N. Y., 163, 13 N. E. (2d), 755. Service marks being primarily trademarks relating to services, the law relating to trademarks is equally applicable to service marks. Yandenburgh, Trademark Law and Procedure, 31.
The rights in trademarks, trade names and service marks are acquired by actual user and not by registration. Such rights belong to the one who first actually adopts and uses the name or mark in connection with his business. Johnson v. Glassley, 118 Ind. App., 704, 83 N. E. (2d), 488; Englander v. Mc-Kesson-Roeber-Kuebler Co., 120 N. J. Eq., 480, 187 A., 917; Dell Publishing Co., Inc., v. Stanley Publications, Inc., 9 N. Y. (2d), 126, 172 N. E. (2d), 656; Foss v. Culbertson, 17 Wash. (2d), 610, 136 P. (2d), 711; Hanover Star Milling Co. v. Metcalf, 240 U. S., 403, 60 L. Ed., 713, 36 S. Ct., 357; Faciane v. Starner, 230 F. (2d), 732; and Radio Shack Corp. v. Radio Shack, Inc., 180 F. (2d), 200. The qualified property rights in such names and marks and the right to protection thereof arise as a matter of common law, not as a matter of statute. The registration statutes merely implement the common-law rights and create *7 certain procedural advantages. United States v. Steffens, 100 U. S., 82, 25 L. Ed., 550; Southern Scrap Material Co., Ltd., v. Smith, 253 Ala., 356, 44 So. (2d), 754; Faciane v. Starner, supra; and 4 Callman, Unfair Competition and Trade-Marks (2 Ed.), 2066 and 2087, Sections 97.3 et seq. and 97.4.
It is the actual use of the trade name, trademark or service mark in connection with the business and not the duration of such use which gives rise to legal rights. Axton-Fisher Tobacco Co. v. Fortune Tobacco Co., 82 F. (2d), 295; and Foss v. Culbertson, 136 P. (2d), 711. Thus, one who adopts and uses a name in connection with his business or products acquires the right to the use thereof over one who subsequently registers such name or mark. Womble v. Parker, 208 Ga., 378, 67 S. E. (2d), 133; Tillman & Bendel, Inc., v. California Packing Corp., 63 F. (2d), 498; and 4 Callman, Unfair Competition and Trade-Marks (2 Ed.), 2066 and 2087, Sections 97.3 et seq. and 97.4.
Although theoretically a trade name indentifies a business or source of a commodity, a trademark identifies the commodity, and the service mark is a trademark which identifies services. There are many instances where a trademark serves to identify the business just as much as the trade name and instances where the trade name has become so identified with the product that it is equivalent to a trademark. Thus a trade name also may be a trademark or service mark. Children’s Bootery v. Sutker, 91 Fla., 60, 107 So., 345; A. & H. Transportation, Inc., v. Save Way Stations, Inc., 214 Md., 325, 135 A. (2d), 289; and 4 Callman, Unfair Competition and Trade-Marks (2 Ed.), 2138, Section 98.4 (e). The same may well be true of a corporate name. For example, if a corporate name has actually become identified with a product or a service, equity will enjoin the use by another of such name as a trademark or trade name. American Steel Foundries v. Robertson, Commr., 269 U. S., 372, 70 L. Ed., 317, 46 S. Ct., 160.
The controlling question in cases of this nature is whether one has used a name, word, symbol or other means of identification in connection with his business in such manner that the public associates such name, etc., with a particular business or commodity so that the use by another is likely to create confusion in the mind of the public. Consequently, one having a *8 prior use of such name, etc., is entitled to the use of such name, etc., to the exclusion of all others who wish to adopt it. The question here then is whether plaintiff has used the word, “Securance,” in its business so that its use by another might create confusion in the mind of the public. If through use and advertising plaintiff has created an image in the mind of the public which relates the word, ‘ ‘ Securance, ’ ’ to its business, then it has gained a property right in such name.
This brings us to a consideration of the case presently before us. In 1956, some four years before defendant determined to use the word, “Securance,” as an advertising feature or service mark, plaintiff had incorporated under the name, “Securance Service, Inc.” Since the date of incorporation in 1956 the word, “Securance,” has been used in the promotion of plaintiff’s business through different media of advertising. At least to a limited extent plaintiff used the word, ‘ ‘ Securance, ’ ’ alone in its advertising.
The dominant word in the corporate name of plaintiff is “Securance.” Although it is a dictionary word, both parties have attempted to give it a- secondary meaning by relating it to the insurance business. The use of the dominant word with other words which are relatively unimportant does not defeat the plaintiff’s rights. See Gordy v. Dunwody, supra, 889. There is further evidence that the use of the word, “Securance,” by defendant has created some confusion in the minds of plaintiff ’s customers that plaintiff is now affiliated with defendant.
Plaintiff contends that it is entitled to protection of its name, “Securance,” throughout the United States. The Court of Appeals, however, limited its injunction so as to give protection to the plaintiff in Sandusky County only. One’s interest in a trademark, service mark or trade name is entitled to legal protection in the territory from which he receives, or with the probable expansion of his business may reasonably expect to receive, custom in the business in which he uses his trademark, service mark or trade name. 3 Restatement of the Law of Torts, 604, Section 732. The Court of Appeals found from the evidence that plaintiff uses the word, “Securance,” in both daily and weekly newspapers circulating in Sandusky County and in advertisements on radio and television broadcasts origi *9 nating in Sandusky, Lucas, Wood, Ottawa, Erie, Huron, Seneca and Hancock Counties. These broadcasts are transmitted to Sandusky County as well as other counties adjoining the county of transmission. The evidence in this case indicates that, although the bulk of plaintiff’s business is conducted in Sandusky County, about 25 per cent thereof is conducted in Lucas County; that plaintiff sells insurance in 12 states other than Ohio; and that about 10 per cent of plaintiff’s business is from outside the state of Ohio. Apparently plaintiff contemplates establishing an office in Arizona. Under the evidence it would appear that reasonable geographical limitations on the legal protection to which plaintiff is entitled would encompass the entire state in which it is operating, since there is a probable expansion of its business throughout the state. See concurring opinion of Holmes, J., in Hanover Star Milling Co. v. Metcalf, supra, 426; Federal Glass Co. v. Loshin, 224 F. (2d), 100; Socony-Vacuum Oil Co., Inc., v. Oil City Refiners, Inc., 136 F. (2d), 470, 475, and cases cited therein. See, also, 3 Callman, Unfair Competition and Trade-Marks (2 Ed.), 1202, Section 76.3 (b) (1), wherein it is stated:
“* * * Despite the actual extent of the market within the state, any valid mark used therein is entitled to state-wide protection. As Mr. Justice Holmes, in his concurring opinion in the Hanover case, stated, if the mark ‘is good in one part of the state, it is good in all.’ In principle, therefore, if the use of a trade mark by a small state business precedes its use by a nation-wide competitor throughout the United States, the former has the priority. * * *” (Emphasis added.)
A question was raised as to the right of the plaintiff to register the word, “Seeurance,” as a service mark in Ohio. Under the finding of facts made by the Court of Appeals, plaintiff clearly had the right to register this word as a service mark, it having a proprietary interest therein by actual use. The provision of Section 1329.55, Eevised Code, that the Secretary of State may accept the registration of a mark as being distinctive to the applicant’s services if used for five years prior to the application is not a limitation on the right to register such name but merely a rule of evidence. A trademark or service mark may be found to be distinctive and hence registerable even *10 though it has not been used for a period of five years. In our opinion there is no valid basis for the cancellation of the plaintiff’s registration of this service mark.
The plaintiff having established a right to legal protection of its trade name and service mark, “Securance,” throughout the state of Ohio, this court in accordance with Section 2, Article IV of the Constitution, hereby modifies the judgment of the Court of Appeals so as to extend the injunction granted by that court to all parts of the state and, as so modified, affirms the judgment of the Court of Appeals.

Judgment modified and, as modified, affirmed.

Zimmerman, Herbert and Gibson, JJ., concur.
Taet, C. J., and Matthias, J., concur in the syllabus but dissent in part from the judgment.