CHARLES J. MOZZOCHI, ADMINISTRATOR (ESTATE OF JOHN J. MOZZOCHI) *v.* JOHN LUCHS, JR., ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 190241

Memorandum filed November 30, 1977

*Marcus, Chester & Schwartz,* for the plaintiff.

*Wynne, Pontillo & Lynch,* for the defendants.

BIELUCH, J. This matter is before the court upon an amended complaint brought by the plaintiff acting as duly qualified administrator with will annexed (d.b.n., c.t.a.) of the estate of John J. Mozzochi. The amended complaint recites that on or about October 31, 1967, John J. Mozzochi died while he was the principal partner in the partnership known as "John J. Mozzochi And Associates" in which the named defendant was then a partner. The defendant Beckerman entered the partnership subsequent to that date and prior to October 10, 1969.

Marian P. Mozzochi was duly qualified as the executrix of the estate of John J. Mozzochi on or about December 1, 1967, at which time the estate owned an interest in all of the assets of the partnership, including an interest in the good will of the partnership and an interest in the rights to the use of the firm name of the partnership. On October 10, 1969, while acting as executrix of the estate, Marian P. Mozzochi executed a contract with the defendants in which she sold and transferred to them her interest and the estate's interest in the partnership, and in which she consented to the defendants' use of the firm name "Mozzochi Associates" as a modified partnership name for a period of five years from January 1, 1969. In consideration of the estate's consent to the defendants' use of the name for the limited period and in consideration of the estate's agreement to sell its interest in the partnership, the defendants agreed that they would limit the use of the name "Mozzochi Associates" to the five-year period. Although the five-year period has elapsed, the defendants have allegedly continued to use the name "Mozzochi Associates" in connection with their business and professional activities. The plaintiff now seeks damages for an alleged breach of the contract dated October 10, 1969.

The defendants have demurred to the amended complaint on the ground that it does not state a cause of action in favor of the plaintiff. Further, the defendants demur to the claim for damages on the ground that the facts as stated fail to show that the plaintiff is entitled to relief. Specifically, the defendants claim that the plaintiff's amended complaint is fatally defective in that (1) it fails to allege that either the estate of John J. Mozzochi or the plaintiff, as administrator thereof with the will annexed, is carrying on a business or rendering business services which could possibly be or are

being injured in any way by the defendants' continued use of the firm name in connection with their business and professional services; (2) it fails to allege that the defendants' continued use of the firm name is deceiving the public into believing that the defendants' services are those of the estate of John J. Mozzochi or of the plaintiff as administrator; (3) it fails to allege that the defendants' continued use of the firm name constitutes "palming off" of the defendants' business or services as being carried on by the estate or by the plaintiff as administrator; (4) it fails to allege facts showing any injury or damage incurred by the estate or by the plaintiff as administrator as a result of the defendants' continued use of the firm name; (5) it fails to allege facts upon which any damages to the plaintiff as administrator of the closed estate could possibly be based as a result of the defendants' continued use of the firm name; and (6) it fails to allege a cause of action in favor of the plaintiff or in favor of the estate on the basis of any valid legal theory.

The use of a family name in business is a personal right. *Southern Scrap Material Co.* v. *Smith,* 253 Ala. 356, 358. While the right of a man to use his name in his own business is not inalienable, it is fundamental. *Guth Chocolate Co.* v. *Guth,* 215 F. 750, 766 (D. Md.). The general rule is that a man has the right, sometimes said to be "inherent," to use his surname in business unless he clearly and expressly surrenders that right. *Dutcher* v. *Harker,* 377 S.W.2d 140, 144 (Mo. App.). The right to use one's own name in business may be given up by contract, but in the absence of express language to that effect the intention to part with that right will not be presumed. *Karsh* v. *Haiden,* 120 Cal. App. 2d 75, 82. It is well settled that the rights of parties with respect to the use of trade names may be governed or restricted by a contract between them. *Brooker*

v. *Brooker,* 214 Kan. 89, 96; 87 C.J.S., Trade-Marks, Trade-Names, and Unfair Competition, § 178. The law of contracts generally applies to contracts involving trade names. Ibid.

Therefore, one may deprive himself of the right to use his name in his own business by contract. *Gates* v. *Gates Coal Co.,* 114 Pa. Super. 157, 161. It is, nevertheless, assumed that no one intends to part with the right to use his own name, and a presumption that he intended to convey that right will not be indulged in the absence of express language to that effect. It must be clearly shown that it was his intention to part with his right thereto. Generally, therefore, the case will turn upon the terms of the contract between the parties. *Carson* v. *Harris,* 242 S.W.2d 777, 780 (Tex. Civ. App.), and cases cited therein.

In the present case the parties entered into a contract dated October 10, 1969. By the terms of that contract, the defendants agreed that they would limit the use of the name "Mozzochi Associates" to a period of five years from January 1, 1969. This agreement was in consideration of the estate's consent to the defendants' use of the name for this limited period and the sale of the decedent's partnership interest. In support of their demurrer the defendants claim that without a showing that the estate of John J. Mozzochi or the plaintiff as administrator is carrying on a similar business, or furnishing similar services as those of the original partnership, it is "legally impossible for the trade name 'Mozzochi Associates' to be reassigned to the estate of John J. Mozzochi or to the plaintiff as administrator." The defendants thus, in effect, assert that the relevant provision in the contract restricting the use of the name to a five-pear period is a legal nullity.

The law favors a construction which will make a contract valid rather than invalid unless that construction is required by the terms of the agreement in the light of surrounding circumstances. *Brooker* v. *Brooker,* supra. The interpretation of a contract must be made in accordance with the terms employed in the instrument and a court cannot by that means disregard the words used by the parties or revise, add to, or create a new agreement. *Collins* v. *Sears, Roebuck & Co.,* 164 Conn. 369, 374.

The defendants expressly recognized and agreed to the time limitation on the use of the trade name when they entered into the contract. It is well established law that one enjoying rights is estopped from repudiating the dependent conditions and obligations which he has assumed. Parties cannot accept benefits under a contract fairly made and at the same time question its validity. *Lunceford* v. *Wilcox,* 88 N.Y.S.2d 225, 228, and cases cited therein.

Where a trade name is licensed for a specific period the right to its use by the licensee expires when the contract covering its use terminates. *Southern Scrap Material Co.* v. *Smith,* 253 Ala. 356, 358. In the case before the court, the express contractual provision limiting the use of the name to five years shows that the defendants acquired nothing more than " 'a mere license to use the name during the term of the contract.' " *Wellman* v. *Holzer,* 56 N.Y.S.2d 299, 301, and cases cited therein.

The demurrer admits all well pleaded facts. *Weaver* v. *Ives,* 152 Conn. 586, 589. A demurrer tests whether the allegations of a complaint state a good cause of action. *Senior* v. *Hope,* 156 Conn. 92, 96; *Rutt* v. *Roche,* 138 Conn. 605, 607. When attacked by demurrer, the complaint is construed in the manner most favorable to the pleader. *McAdam* v. *Sheldon,* 153 Conn. 278, 280. The allegations are

entitled to the same favorable construction as a trier would be required to give in admitting evidence under them, and if any facts provable under the allegations would support a cause of action, the demurrer must fail. *Cyr* v. *Brookfield,* 153 Conn. 261, 263.

The defendants' demurrer is, accordingly, overruled.