[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
Sometime prior to January 20, 1994 the parties orally agreed to proceed with a binding arbitration under the auspices of Litigation Alternatives to settle a motor vehicle claim. The parties agreed on a high/low binding arbitration, with the high being $80,000.00 and the low being $20,000.00. The parties also agreed that Attorney Paul Morello would serve as the "Binding Arbitrator."
On December 29, 1993, Litigation Alternatives mailed to both parties a "Notice of Hearing" and a copy of the procedural rules. The defendant signed and returned the High/Low Range Agreement and the Binding Arbitration Procedure Agreement on January 4, 1994. The plaintiff never signed the agreements, but knew the terms of the High/Low Agreement and read, understood and intended to be bound by the Litigation Alternatives Procedural Rules.
Prior to the arbitration hearing date of January 20, 1994, the plaintiff's attorney supplied a written summary along with documentation to the arbitrator as requested in the "Notice of Hearing." The defendant's attorney chose not to supply a written summary. The hearing commenced and was concluded on January 20, 1994, with all parties in attendance.
The plaintiff now moves to vacate the arbitration award pursuant to § 52-420 claiming that the plaintiff and defendant never entered into a written arbitration agreement. The court finds that a written agreement comprised of "The Binding Arbitration Procedure Agreement" and the "High/Low Range Agreement" existed although it was not signed by the plaintiff. Therefore, the court confirms the arbitration award. CT Page 6532
ARGUMENT
The law in Connecticut concerning arbitration agreements clearly requires that the agreement be in writing. In Bennett v.Meader, 208 Conn. 352, 359 (1988) the court held that "an agreement to arbitrate must meet the requirements of the arbitration statute, including that the agreement be in writing, or it is invalid." The courts have followed this strict enforcement of the writing requirement in order to eliminate the problems of proving an oral agreement and in order to establish, either separately or within the agreement to arbitrate, a written submission setting forth the arbitrable issues. The plaintiff and defendant had orally agreed on a high/low range agreement and on arbitration procedural rules, however the written agreements setting forth the terms were signed by only one party, the defendant.
The Supreme Court has held in Schwarzchild v. Martin,191 Conn. 316, 321 (1983) that:
 Nowhere in the statute [§ 52-408] is found the specific requirement urged on us by the defendant that the contract be signed by both parties. The statute requires only that the agreement between the parties be contained in a "written contract" or "separate writing."
"There is a requirement that the agreement be in writing. If it is not in writing, there is no legally cognizable bargain to be enforced." Bennett v. Meader, 208 Conn. 352, 361, fn. 7 (1988). Parties may become bound by the terms of a contract, even though they do not sign it, where their assent is otherwise indicated, such as by the acceptance of the benefits under the contract. 17 Am.Jur.2d, Contracts § 70. Despite the fact that the plaintiff did not sign the agreement, the plaintiff, knowing the terms, accepted the benefits of the contract by submitting a summary to the arbitrator and by participating in the January 20, 1994 arbitration hearing. One enjoying rights is estopped from repudiating dependent obligations which he has assumed, parties cannot accept benefits under a contract fairly made and at the same time question its validity. Mozzochi v. Luchs, 35 Conn. Sup. 19,23 (1977).
There is further evidence that an arbitration agreement existed among the parties in the plaintiff's written summary to the CT Page 6533 arbitrator prior to the commencement of the arbitration hearing. The summary clearly demonstrates plaintiff's intent to be bound by arbitration:
 "ARBITRATION — JANUARY 20, 1994 Pierina (Patty) Ferraro v. Anthony Christina D.O.I.: June 16, 1989
 Please be advised that this office is legal counsel to Ms. Pierina Ferraro. Enclosed you will find copies of medical bills and reports relating to Ms. Ferraro's treatment for injuries sustained in an accident caused by the negligence of Anthony Christina."
The language of plaintiff's summary is adequate evidence of an agreement to arbitrate.
CONCLUSION
Neither party denies that there was a "meeting of the minds" concerning the terms of the arbitration agreement. There is evidence that although both parties knew the terms of the agreement only the defendant saw and signed the written document. The fact that the plaintiff did not see the writing or sign it does not preclude the creation of an agreement. Plaintiff's intent to be bound is clearly found in the language of the plaintiff's signed written summary, as well as in the plaintiff's participation in the arbitration proceeding. Accordingly, the court finds a valid written agreement and confirms the arbitration award.
By the court,
Kevin E. Booth, Judge CT Page 6534