CENTAUR CO. v. KILLENBERGER.

(Circuit Court, D. New Jersey. May 11, 1898.)

1. TRADE-MARKS AND TRADE-NAMES—UNFAIR COMPETITION.
   Where complainant's package and label is not exactly imitated by defendant, but is made so near like it in general appearance that one is apt to be mistaken for the other by intending purchasers, and that a close inspection is necessary to distinguish them, the use of the label by the defendant or of one substantially similar thereto will be enjoined.[1]

2. SAME—UNFAIR COMPETITION—LABELS USED ON PATENTED ARTICLES.
   Distinctive labels long used on patented articles do not become free to the world on the expiration of the patent.[1]

This was a bill in equity by the Centaur Company against Frederick Killenberger for alleged unfair competition in trade. The cause was heard on an application for a preliminary injunction.

Edmund Wetmore, for complainant.
George H. Silzer, for defendant.

KIRKPATRICK, District Judge. This is an application on behalf of the complainant, the Centaur Company, for a preliminary injunction restraining the defendant from putting up and selling "Castoria" in packages, with wrappers and labels which are calculated to deceive the public, and induce them to buy the defendant's goods when they intended to purchase those of the complainant. It appears from the record that "Castoria" is a medicine which was prepared by the complainant under a process patented by one Pitcher, which patent has expired; that while so prepared and sold under said patents, and for many years after the expiration thereof, "Castoria" was put upon the market in the dress now used by the complainant. It is alleged that by the form, size, and shape of the bottle, and by the wrapper incasing it, and the label or distinctive marks upon the wrapper, it has become so well known to the public as to be recognizable at sight as the complainant's preparation.

In Centaur Co. v. Heinsfurter, 28 C. C. A. 581, 84 Fed. 955, the United States circuit court of appeals for the Eighth circuit held that the word "Castoria," because it was descriptive of the patented preparation, upon the expiration of the patent, was free to be used by whosoever would. So, while the prayer of the bill is that the defendant may, nevertheless, be enjoined from using said word "Cas-

[1] For elaborate discussion as to "Unfair Competiton in Trade," see note to Scheuer v. Muller, 20 C. C. A. 165.

toria," the application now made to the court is not so broad, and goes only to the use of the wrapper, with the imprint thereon, in which the bottle is inclosed; and this upon the ground that to permit its use is to encourage unfair competition in trade. While it is true that, upon an actual comparison of the wrappers side by side, substantial differences will be found, and that no one with knowledge would, after such examination, be deceived, still it will be perceived at once by a mere inspection of the packages of the complainant and defendant that they are so much alike in general appearance that the one is apt to be mistaken for the other, and that a .close inspection is necessary to distinguish them. If we look at the two wrappers, we find that the color of the paper is the same; that there is a similarity in the type used and their general arrangement, and that their size and peculiar characteristics are changed at similar intervals of space; that upon each wrapper there is affixed a signature in script; and that at the bottom of each there is a dark band, upon which words are printed in white letters. Bearing in mind that the complainant's wrapper was well known to the trade for years before the adoption of that of the defendant, it is impossible, in view of the "accumulated resemblances," to avoid the conclusion that these numerous similarities were not the result of chance, but are chargeable to design, the sole object of which was an intent on the part of the defendant to so imitate the complainant's wrapper as to create confusion in the minds of intending purchasers, to palm off his goods as those of complainant, and thereby unfairly acquire the benefit of complainant's efforts to build up and retain trade. An imitation of complainant's wrapper for the purpose of deception, and with the expectation that by such imitation the defendant's goods may be purchased as those of complainant, constitutes unfair competition in trade, against which the court will grant relief. Cook & Bernheimer Co. v. Ross, 73 Fed. 203. "The defendants have no right to dress their goods up in such manner as to deceive intending purchasers, and induce them to believe they are buying those of plaintiff." Coats v. Thread Co., 149 U. S. 562, 13 Sup. Ct. 966.

It is not contended on the part of the defendant that the similarity in the wrappers does not exist, but the right to its use is claimed upon the ground that it had for many years been used upon the patented article "Castoria," and that, when the patent on the article expired, the right to the use of the wrapper became public property. The cases cited by the defendant do not sustain that view. In the case of Singer Mfg. Co. v. June Mfg. Co., 163 U. S. 169, 16 Sup. Ct. 1002, Mr. Justice White, in rendering the opinion of the court, quotes with approval Poullet, Brevets d'Invention, Nos. 327, 329, pp. 278, 279, as follows:

"The expiration of a patent has for its natural effect to permit every one to make and sell the object patented, and it has also for effect to authorize every one to sell it by the designation given it by the inventor, but upon the condition in every case not, in so doing, to carry on unfair competition in business."

In the Singer Case, supra, while the right of the defendant to use the name "Singer" in relation to sewing machines was established, it was coupled with the restriction that, in so doing, it must be made

clearly and unmistakably to appear that the machines were manufactured by others than the complainants. The right to manufacture Singer sewing machines had become public property by the expiration of the patents, but the right of the original manufacturers to be protected from fraudulent imitation of the indicia by which Singer machines made at their establishment had been known to the trade was upheld, without regard to the fact whether these devices had been adopted during the life of the patent or after its expiration. The same reasoning is applicable here. The right to manufacture "Castoria" according to Pitcher's patented process or formula may be free to the world, also the right to sell the manufactured article by the name "Castoria"; but, in putting it upon the market, the new manufacturer must clearly identify his goods, and not engage in unfair competition, nor do anything which will tend to deceive the public, and induce them to take his goods under the belief that they are those which it has theretofore been accustomed to purchase under the same name.

As the similarity of label to which reference has been made above has that tendency to deceive, and such similarity is evidently the result of design, I am of the opinion that the defendant should be enjoined from the use of the label set out in the bill of complaint, or any one substantially similar thereto which is calculated to deceive the public.